LOUIS ADLER, Respondent, *v.* ERMA ZIMMERMAN et al., Appellants.

**Intoxicating liquors — National Prohibition Act — when whisky has been sold without either vendor or purchaser having the permits required by the act or the regulations made thereunder the sale is illegal — when holder of check given in payment for whisky cannot recover thereon.**

1. Where the denial of requests to find facts supported by uncontradicted evidence is duly excepted to and the requests are not inconsistent with any findings made by the trial justice, the refusals present questions of law reviewable by the Court of Appeals.

2. No cause of action can arise out of a transaction made illegal by statute. Where a state prohibits altogether the sale of certain goods not only the agreement for such sale is invalid but if the sale is made in violation of law the agreed price cannot be recovered.

3. By the terms of the National Prohibition Act and the regulations adopted thereunder, in order to make the sale of whisky legal, it is necessary for the seller to have a permit to sell and for purchasers to

have a permit to sell, or use, so as to entitle them to procure intoxicating liquor and also a permit to purchase, a copy of which should have been filed with the director of liquor sales, a copy with the vendor and a copy with the purchasers themselves.

4. Where purchasers of whisky had a permit to sell, but no permit to purchase, and neither the vendor nor his agent had a permit to sell, the sale was illegal, and where the broker of the vendor brings an action against the purchasers upon a check for part of the price of the whisky, the balance having been paid in cash, said check having been transferred to him by the vendor in payment of his services as broker in effecting the sale, and the defense is interposed that the vendor in said sale had no permit authorizing him, under the National Prohibition Act and the regulations made thereunder, to sell the whisky to defendants and that the defendants had no permit authorizing them to purchase the whisky, the plaintiff cannot recover. The check being part of the consideration for an illegal sale under the National Prohibition Act and regulations, it is void in the hands of the plaintiff who knew about the transaction and the purpose for which the check was given by defendants, and, therefore, he cannot maintain this action.

*Adler* v. *Zimmerman,* 198 App. Div. 927, reversed.

(Argued May 11, 1922; decided May 31, 1922.)

Appeal, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered July 2, 1921, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury.

*Abraham Benedict* and *David Gorfinkle* for appellants. The sale of the whisky to Wormser was illegal and a violation of the National Prohibition Act. The delivery of the check was an integral part of the illegal transaction and equally illegal and no recovery can be had upon it. (*Crown Embroidery Works* v. *Gordon,* 190 App. Div. 472; *Sears* v. *U. S.,* 264 Fed. Rep. 257; *S. G. D., etc., Co.* v. *Hamilton,* 276 Fed. Rep. 544; *Belding* v. *Pitkin,* 2 Caines, 147; *Graves* v. *Delaplaine,* 14 Johns. 146; *Griffith* v. *Wells,* 3 Den. 226; *Sanderson* v. *Goodrich,* 46 Barb. 616; *Bell* v. *Quin,* 2 Sandf. 146; *Staples* v. *Gould,* 9 N. Y. 520; *Peck* v. *Burr,* 10 N. Y. 294; *Woodworth* v. *Bennett,* 43

N. Y. 273; *N. Y. State Loan & Trust Co.* v. *Helmer,* 77 N. Y. 64; *Leonard* v. *Poole,* 114 N. Y. 371; *Goodrich* v. *Houghton,* 134 N. Y. 115; *Ernst* v. *Crosby,* 140 N. Y. 364.) The fact, if it be a fact, that the plaintiff was merely an agent in the illegal transaction does not exempt him from the application of the principle discussed in the preceding point. He was a knowing participant in an illegal transaction and, therefore, a party to the illegality. The law will no more permit him to recover upon the check which is a part of the proceeds of the illegal transaction than it would permit the vendor to recover the purchase price of the whisky. (*Oscanyan* v. *Winchester Arms Co.,* 103 U. S. 261; *Belding* v. *Pitkin,* 2 Caines, 147; *Sanderson* v. *Goodrich,* 46 Barb. 616; *Leonard* v. *Poole,* 114 N. Y. 371; 3 Williston on Cont. § 1761; *Turck* v. *Richmond,* 13 Barb. 533; *Bell* v. *Quin,* 2 Sandf. 146; *Wagner* v. *Scherer,* 89 App. Div. 202; *Brown* v. *Tarkington,* 3 Wall. 377; *Davidson* v. *Lanier,* 4 Wall. 447, 455; *Mackin* v. *Shannon,* 165 Fed. Rep. 98.)

*Henry Kohl* for respondent. The plaintiff did not sell or agree to sell and deliver whisky in violation of the Prohibition Act. The check delivered to him was for value received and not given to him in part payment of the purchase price of the liquors delivered to the defendants, but was for moneys due him on the sale of warehouse certificates to Ryan prior to the sale and delivery of the whisky. (*Tracy* v. *Talmadge,* 14 N. Y. 162; *Walker & Sons* v. *Grubman,* 224 Fed. Rep. 733; *M. Ins. Co.* v. *Hoover Distilling Co.,* 182 Fed. Rep. 594; *California R. G. Assn.* v. *Abbott,* 117 Pac. Rep. 767; *Hollenberg Music Co.* v. *Berry,* 106 S. W. Rep. 1172.)

CRANE, J. Louis Adler, the plaintiff, claims to have been an agent or broker for one Joseph Ryan in negotiating a sale to the defendants of thirty barrels of whisky which were delivered by truck at the defendants'

28

place of business in Yonkers. The purchase price of this whisky was $25,200, of which $20,000 was paid in cash, $5,200 by check drawn upon the Westchester Trust Company to the order of cash by Zimmerman and Wormser.

Adler says this check was transferred to him by Ryan in payment of his services as broker in effecting the sale. Wormser says that Adler was the principal in the transaction, not an agent, and that the money and check were paid to him directly.

This action is brought upon the check. The trial court found that the check on the 8th day of April, 1920, was delivered to the plaintiff for value, presented for payment and refused, and that the·plaintiff was entitled to payment with interest and costs.

The trial justice was requested to find as follows:

" IV. The vendor in said sale had no permit authorizing him under the provisions of the National Prohibition Act and the regulations made thereunder by the Commissioner of Internal Revenue, to sell the aforesaid whiskey to the defendants.

" V. Neither of the defendants had any permit or permits authorizing them or either of them to purchase the whiskey sold to them as aforesaid on April 8, 1921, as required by the National Prohibition Act and the aforesaid regulations made thereunder."

" VII. The plaintiff is not a *bona fide* holder without notice of the check in suit."

These requests were refused and the defendants duly excepted. As the evidence to support these requests is uncontradicted, and the requests are not inconsistent with any findings made by the trial justice, the exceptions taken to the refusals to find present questions of law reviewable by this court. (*Mawhinney* v. *Millbrook Woolen Mills,* 231 N. Y. 290, 297.)

These requests should have been granted. The facts stated therein, having been found, would have led the

court to a different conclusion. The evidence is very brief, and except upon the point as to the agency of the plaintiff, is uncontradicted.

The defendant Wormser had previously purchased whiskey from Adler. This order for thirty more barrels was given on or about the 8th day of April, 1920. The goods were transported by truck from Peekskill to the defendants' place of business in Yonkers where delivery was made to the defendants and consideration paid as above stated. There is no dispute about the nature of the transaction. It was a sale of whiskey prohibited by the National Prohibition Law, unless coming within the exceptions for which permits can and should be issued. The plaintiff participated in the transaction either as principal or as agent. He knew that the check given him was part of the consideration for the sale of the whiskey. Joseph Ryan, the alleged seller, had no permit to make the sale. The defendants had no permit to make the purchase. The plaintiff either knew that these parties were not authorized to traffic in liquors or else he did not know. His ignorance did not give validity to the check. Knowing that the check was part of the consideration for the sale of whiskey under the National Prohibition Law, the burden was upon him when these facts appeared to show that the sale was authorized and legal; the burden was not upon the defendants to prove the permits. The National Prohibition Act of October 28th, 1919, provided (Title II, § 3) as follows:

" No person shall on or after the date when the eighteenth amendment to the Constitution of the United States goes into effect, manufacture, sell, barter, transport, import, export, deliver, furnish or possess any intoxicating liquor except as authorized in this Act, and all the provisions of this Act shall be liberally construed to the end that the use of intoxicating liquor as a beverage may be prevented."

Section 6 of the same title provides:

" No one shall manufacture, sell, purchase, transport, or prescribe any liquor without first obtaining a permit from the commissioner so to do " (the .exceptions contained in this section do not apply in this case). " All permits to manufacture, prescribe, sell, or transport liquor, may be issued for one year, and shall expire on the 31st day of December next succeeding the issuance thereof. * * * Provided, further, That permits to purchase liquor for the purpose of manufacturing or selling as provided in this Act shall not be in force to exceed ninety days from the day of issuance. A permit to purchase liquor for any other purpose shall not be in force to exceed thirty days. Permits to purchase liquor shall specify the quantity and kind to be purchased and the purpose for which it is to be used."

The regulations adopted by the commissioner of internal revenue pursuant to subdivision 7, section 1, title II of the act, provide for a method of procuring permits to purchase liquor by those authorized by permit to sell or use. Section 54 of the regulations reads as follows:

" Any person entitled to procure intoxicating liquor in accordance with the provisions of these regulations must, in order to obtain such liquor, secure permit to purchase on Form 1410 from the Director, and no person is authorized to furnish or deliver intoxicating liquor except upon receipt of permit to purchase, unless otherwise specifically provided in these regulations."

By section 55 it is required that each application for a permit to purchase shall show the name and address of the vendor, the purpose for which the intoxicating liquor is to be used and the number of the permit held by the applicant.

Subdivision D of this section reads:

" Applications for permit to purchase will be made in triplicate * * *. All copies will be forwarded to the Director, who, if he finds the applicant entitled to

procure intoxicating liquor and if the applicant's bond is sufficient, will approve all copies of the application and note upon them the date of expiration.

" (f) After approval, the Director will immediately send all copies to the vendor who is to furnish the intoxicating liquor.   *   *   *   He will then return one copy to the Director not later than the day succeeding the date of shipment or delivery.  One copy will be retained in the files of the vendor as his authority for making the shipment or delivery, the remaining copy or copies to be forwarded by him to the applicant.

" (g) The applicant must file one copy at his place of business.   *   *   *   Copy of permit to purchase covering each shipment or delivery must be chronologically filed both by the vendor and applicant.

" (h) Directors will keep a file of copies of permits to purchase, Form 1410, that have been returned by vendors."

By the terms of the National Prohibition Act and the regulations adopted thereunder, it will be seen that to make the sale of the thirty barrels of whisky in this case legal, it was necessary for Ryan or Adler to have had a permit to sell; for the defendants to have had a permit to sell or use so as to entitle them to procure intoxicating liquor, and for the defendants to have had also a permit to purchase, a copy of which should have been filed with the director, a copy with the vendor and a copy with the defendants themselves.

The evidence in this case shows that the only permit possessed by anybody was a permit designated " B–321 " dated February 26th, 1920, issued to Erma Zimmerman, 21 Riverdale Avenue, Yonkers, New York.  By the classification of section 12 under article III of the regulations " Permits to sell will be prefaced by the letter B."

The defendants, therefore, had a permit to sell, but there is no evidence that they had a permit to purchase or that Ryan or Adler had a permit to sell.  Ryan was not called as a witness.  It is said he lived in Goshen,

New York. If he had a permit it could have been produced. Adler was a witness, but he produced no permit. The files of the federal prohibition director were not subpœned or produced. If there had been a permit to purchase these files would have contained a copy of it.

The plaintiff, therefore, sues to recover that which was part of the purchase price for a sale of whisky which has not been authorized or permitted according to the National Prohibition Act, and the rules and regulations adopted thereunder. As before stated, before he can recover, the burden was upon him to show that the sale was legal. Section 3 of title II of the National Prohibition Act, as above quoted, in seeking to carry out the provisions of the Eighteenth Amendment to the Constitution of the United States, provides that no person shall manufacture or sell liquor except as authorized by the act. The end and purpose to be accomplished is that the use of intoxicating liquor as a beverage may be prevented. The act contains certain exceptions, but this case is not one of them.

When, therefore, the plaintiff, either as principal or as agent, sold thirty barrels of whisky, the presumption is that it was illegal until brought within the exceptions of the act, or it is shown to have been permitted by the federal authorities.

To recover the purchase price or commissions for putting through the deal, the plaintiff was obliged to prove both a permit to sell and a permit to purchase. This is not the case where a sale of a commodity is legal except in certain instances; it is illegal except as authorized.

The check sued upon being part of the consideration for an illegal sale under the National Prohibition Act, it is void in the hands of the plaintiff who knew about the transaction and the purpose for which it was given. He cannot recover thereon. No cause of action can arise out of a transaction made illegal by statute. Where a statute prohibits altogether the sale of certain goods not

only the agreement for such a sale is invalid but if the sale is made in violation of law the agreed price cannot be recovered. (3 Williston on Contracts, § 1765; *Staples v. Gould,* 9 N. Y. 520; *Peck v. Burr,* 10 N. Y. 294; *Goodrich v. Houghton,* 134 N. Y. 115; *Ernst v. Crosby,* 140 N. Y. 364; *Newman v. Moyers,* 253 U. S. 182.)

The judgments appealed from must be reversed and the complaint dismissed, with costs in all courts.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGH-LIN and ANDREWS, JJ., concur.

Judgments reversed, etc.