## Monongahela Drug and Manuf. Co. v. Gibson Distilling Co.

*Prohibition—Enforcement of contracts for sale of intoxicating liquors—Essentials of statement of claim in actions for failure to deliver liquor.*

1. In an action to recover damages for breach of contract to deliver whiskey within a specified time upon presentation of proper and legal permits by the purchaser and the payment of the purchase price, it is insufficient to aver in the statement of claim that permits were presented and the purchase price tendered within the specified time; the defendant is entitled to insist upon an averment of the exact date of the presentation of the permits and the tender of the price, as the failure to deliver on presentation of permits and tender of the price constitutes the breach, of which a defendant is always entitled to be informed of the exact date.

2. It is sufficient if the statement of claim avers that the contract was made with the corporation without naming the person who acted upon its behalf. A statement of claim, therefore, in such an action is not defective in failing to aver who acted for the defendant in making the contract or to whom the permits were presented and the purchase price tendered. The plaintiff must establish at the trial the authority of the person with whom he dealt.

3. Where the subject-matter of a contract of sale is intoxicating liquors, in regard to which sales are illegal unless they fall within the exceptions of the State and Federal statutes on the subject, the ordinary rule that when averments of the statement of claim in an action for failure to deliver goods sold allege the performance or tender of performance by the purchaser in as definite and precise a manner as the terms of the agreement call for, it is sufficient, does not obtain, but it is encumbent upon the plaintiff to show that the transaction was lawful and he must aver facts from which it appears that the liquors were not purchased by him for beverage purposes and that he possessed legal and valid permits which authorized the sale and purchase for non-beverage purposes, and, as he can only do this by exhibiting his permits, he must attach copies of them to his statement of claim.

4. In such an action, a statement of claim is defective which fails to show that the vendor possessed a permit to possess or sell whiskey.

5. When a contract violates a State or Federal statute or constitutional provision, it becomes the duty of the court, on its own motion and without the request of the parties interested, and even against their wishes, to refuse to enforce it.

Rule for a more specific statement of claim. C. P. No. 1, Phila. Co., Dec. T., 1923, No. 8588.

*John R. K. Scott, William T. Connor* and *James Gay Gordon,* for plaintiff.

*Dickson, Beitler & McCouch, Edward Hopkinson, Jr.,* and *Francis Shunk Brown,* for defendant.

TAULANE, J., Oct. 9, 1925.—This is a rule for a more specific statement of claim.

The facts alleged are substantially these:

By a written agreement of Sept. 29, 1920, the defendant sold to the plaintiff 5000 cases of Gibson whiskey at $32.50 a case, payable $5 a case upon the execution of the agreement and the balance within thirty days, when the whiskey was to be delivered upon presentation of permits. The agreement further provided: "If the Monongahela Drug and Manufacturing Company desires an extension of further time in which to take out this quantity, they will put up an additional deposit of $5 per case, and in that event they are to have the privilege of having six months' time in which to furnish permits to take out the goods."

The plaintiff paid $25,000 at the signing of the agreement, an additional $25,000 within thirty days for the extension of six months to take delivery, and an additional $33,750 in November, 1920, or a total of $83,750.

The plaintiff received 1500 cases, and within the extended period of six months presented to the defendant "legal and proper permits issued by the

Monongahela Drug and Manuf. Co. v. Gibson Distilling Co.

United States Government" for the delivery of the balance of the 5000 cases, and at the same time tendered the balance of the purchase price and demanded delivery.

The defendant refused delivery, and by reason thereof the plaintiff claims $35,000, being the amount paid on account of the 3500 cases; i. e., the difference between $83,750 paid on account and $48,750, the contract price of 1500 cases delivered.

The plaintiff further alleges that on Oct. 14, 1920, the defendant verbally sold to him an additional 15,000 cases, upon which he paid $75,000 on account. The whiskey was to be delivered upon presentation of proper and lawful permits and the payment of the balance of the purchase price. On Nov. 4, 1920, the defendant informed the plaintiff that it would not deliver the 15,000 cases, and, in consequence thereof, the plaintiff claims the $75,000 he paid on account of the whiskey.

The total claim is $110,000.

The defendant in its rule for a more specific statement of claim calls attention to many particulars wherein the statement is alleged to be insufficient. It is only necessary to refer to three of them, as the others are without merit.

## 1. Failure to aver the date when permits were presented.

It is insufficient to allege that within six months from Sept. 29, 1920, permits were presented and the purchase price tendered for the 3500 cases undelivered under the agreement of Sept. 29, 1920. The defendant is within its rights in insisting upon the exact date of the presentation of the permits and the tender of the purchase price being stated in the statement of claim, as it is the defendant's failure to deliver at that time that constitutes the breach of contract alleged. A defendant is always entitled to be informed of the date it is alleged he breached his contract. The statement of claim, therefore, is insufficient in this respect.

## 2. Failure to aver with what officer of defendant the oral agreement was made.

It is the practice in this county to allege generally that a contract was made with a corporation without naming the person who acted on behalf of the corporation. The rule is correctly stated in Amram's Pennsylvania Practice Act of 1915, page 57, where it is said: "When plaintiff avers that defendant corporation agreed to certain changes in a contract, the name of the officer of the defendant corporation need not be given, for the averment would be amply supported by proof that it was made by an officer of defendant or any other person duly authorized to act for it."

The statement of claim, therefore, is not defective in failing to aver who acted for the defendant in making the verbal contract of Oct. 14, 1920, or to whom in the employ or service of the defendant the permits were presented and purchase price tendered. This is no hardship to the defendant; the plaintiff must establish at the trial the authority of the person with whom he dealt. The defendant can readily show the want or extent of authority of the person alleged to have contracted or acted on its behalf.

## 3. Failure to aver dates of permits.

The agreement of Sept. 29, 1920, simply provides that the plaintiff shall present permits at the time of delivery. The averment of the statement of

Monongahela Drug and Manuf. Co. v. Gibson Distilling Co.

claim as to permits is as definite and precise as the terms of the agreement. This is all that is required: Bender v. Fromberger, 4 Dallas, 436.

The defendant contends that it is entitled to the name of the officer issuing the permits, the dates and serial numbers of the permits, so as to enable it to investigate and ascertain whether the permits are genuine. With this we cannot agree.

So far, we have discussed the defendant's points as presented by counsel, and as though the agreement was one for the sale of ordinary merchandise. It is not such a transaction; it involves dealing in intoxicating liquors, which is practically prohibited by the 18th Amendment. Intoxicating liquors, except for a very few special purposes—and then only with the special permission of the Government and under most stringent regulations—are contraband without the rights of property and not the subject of contract: Geary v. Schwem, 280 Pa. 435; Burke v. Bryant, 283 Pa. 114; Com. v. Schwartz, 82 Pa. Superior Ct. 369, and Com. v. Stubler, 84 Pa. Superior Ct. 32.

The Federal Prohibition Enforcement Act of Oct. 28, 1919, enacted to carry into effect the 18th Amendment, title 2, section 3, provides: "No person shall, on or after the date when the 18th Amendment to the Constitution of the United States goes into effect, manufacture, sell, barter, transport, import, deliver, furnish or possess any intoxicating liquor except as authorized by this act, and all the provisions of this act shall be liberally construed to the end that the use of intoxicating liquor as a beverage may be prevented."

In section 33 it is provided: "After Feb. 1, 1920, the possession of liquors by any person not legally permitted under this title to possess liquor shall be prima facie evidence that such liquor is kept for the purpose of being sold, bartered, exchanged, given away, furnished or otherwise disposed of in violation of the provisions of this title. Every person legally permitted under this title to have liquor shall report to the commissioner, within ten days after the date when the 18th Amendment of the Constitution of the United States goes into effect, the kind and amount of intoxicating liquors in his possession. But it shall not be unlawful to possess liquors in one's private dwelling while the same is occupied and used by him as his dwelling only, and such liquor need not be reported, provided such liquors are for use only for the personal consumption of the owner thereof and his family residing in such dwelling and of his bona fide guests when entertained by him therein, and the burden of proof shall be upon the possessor in any action concerning the same to prove that such liquor was lawfully acquired, possessed and used."

And in section 6 it is also provided: "No one shall manufacture, sell, purchase, transport or prescribe any liquor without first obtaining a permit from the commissioner so to do. . . . Permits to purchase liquor shall specify the quantity and kinds to be purchased and the purpose for which it is to be used. . . . Every permit shall be in writing, dated when issued, and signed by the commissioner or his authorized agent. It shall give the name and address of the person to whom it is issued and shall designate and limit the acts that are permitted and the time when and place where such acts may be performed."

The Federal Prohibition Enforcement Act is law in every state of the Union: Burke v. Bryant, 283 Pa. 114.

All sales and purchases of intoxicating liquors are now presumed to be unlawful until the contrary is clearly shown; the burden of establishing the lawfulness of such a transaction is on him who makes a sale or purchase. The only justification for the sale or purchase of intoxicating liquor is the possession of a permit for a non-beverage purpose: Albert v. United States, 281 Fed. Repr. 511; Adler v. Zimmerman, 233 N. Y. 431; Laurie v. United

States, 278 Fed. Repr. 934; Faraone v. United States, 259 Fed. Repr. 507, and Kiersky v. United States, 263 Fed. Repr. 684.

Where a transaction is ordinarily lawful, the presumption, in the absence of evidence to the contrary, is that it is legal (Lorillard v. Clyde, 86 N. Y. 387), but this presumption cannot be invoked where a transaction is presumed to be illegal until it is shown to be lawful.

Thus, in Lundy v. Orr, 205 App. Div. (N. Y.) 296, 297, McAvoy, J., said: "The presumption usually accompanying acts of persons is that they are lawful, but all acts of persons involving the sale of liquor are presumptively illegal until brought within the exceptions of the act or shown to have been permitted by Federal authority. . . . Every transaction is illegal, except as authorized under the statute and pursuant to permits under regulations adopted within the authority of the statute."

And in Adler v. Zimmerman, 233 N. Y. 431, 438, it is said: "This is not a case (sale of liquor) where a sale of a commodity is legal except in certain instances; it is illegal except as authorized."

As the agreement provides for the sale of whiskey, we must assume it was intoxicating and contained more than one-half per centum of alcohol: Albert v. United States, 281 Fed. Repr. 511.

When a contract violates a statute, and particularly the Constitution of the United States, the court will, of its own motion and without request from the parties interested and even against their wishes, refuse to enforce it: Fowler v. Scully, 72 Pa. 456, and Weed v. Cuming, 12 Pa. Superior Ct. 412.

It is our duty, therefore, to declare, though not suggested by the parties, that the sale of the whiskey mentioned in the statement of claim is illegal unless it clearly appears that the whiskey was not to be used for beverage purposes and that the parties possessed legal and valid permits which authorized the sale and purchase for a non-beverage purpose.

We can indulge in no presumptions that the sale was for a lawful purpose and duly authorized. The mere fact an official may have issued a permit would be no protection unless it was a permit authorized by law. Mere general allegations of the possession of permits mean nothing. The plaintiff must show very clearly his purchase of the whiskey was not for beverage purposes, but for a purpose sanctioned by law and authorized by a proper permit. He can only do this by exhibiting his permits, and this he must do before he can ask this court to entertain his suit. (Adler v. Zimmerman, 233 N. Y. 431, and Lennox v. Meehan, 201 N. Y. Supp. 710.) If he possesses proper permits, it will be no trouble to attach copies to the statement of claim.

We are unable to follow the cases of Fritz v. McGeehan, 4 D. & C. 470, and Ciocca-Lombardi Wine Co. v. Fucini, 198 N. Y. Supp. 114, because the courts overlooked the presumption that all sales of liquor are presumptively illegal.

We should add that the statement is also defective because it nowhere appears that the defendant possessed a permit to possess or sell whiskey: Adler v. Zimmerman, 233 N. Y. 431.

For the reasons here outlined, the defendant's rule for a more specific statement of claim is made absolute to this extent, viz.:

(a) The statement of claim should show when the permits were presented and the purchase price tendered.

(b) Copies of the permits should be annexed to the statement of claim.

(c) An amended statement of claim embodying the above shall be filed within ten days and the defendant shall file an affidavit of defence to the amended statement within fifteen days from the service thereof on the defendant's counsel of record.