GEORGE BOLIVER, Plaintiff, v. ORA J. MONNAT, Defendant.

Supreme Court, Lewis County, November 4, 1927.

**Intoxicating liquors — sales — warranty — action for injuries suffered by plaintiff who purchased poisonous liquor from defendant and drank it — action based on theory of breach of warranty that liquor was fit for human consumption — complaint does not state cause of action.**

The plaintiff alleges that he purchased intoxicating liquor from the defendant and drank the same, and that the liquor was poisonous and caused him to become almost totally blind. The plaintiff brings this action to recover damages on the theory of breach of warranty that the liquor was fit for human consumption. A breach of warranty implies a valid contract, and since a contract for the sale of liquor without a permit is not valid, the plaintiff cannot recover on the theory of breach of warranty.

MOTION by the defendant for judgment on the pleadings on the ground that the complaint does not state facts sufficient to constitute a cause of action.

*Kilby, Norris & Smith,* for the plaintiff.

*Conboy & Hendricks,* for the defendant.

SMITH, J. The motion is for judgment dismissing the complaint on the ground that it does not state facts sufficient to constitute

a cause of action. The action is to recover damages for the breach of an express or implied warranty that alcoholic liquor sold by the defendant to the plaintiff was fit for immediate human consumption as a beverage.

The plaintiff alleges that between the 29th day of May, 1926, and the 31st day of May, 1926, in a store and *saloon* of which the defendant was proprietor, located in the hamlet of Indian River, county of Lewis and State of New York, in which the de endant kept for sale *alcoholic liquor*, the plaintiff purchased from the defendant, *for immediate consumption as a beverage, certain alcoholic liquor* which the defendant then and there knew was purchased for such purpose and which the defendant then and there warranted was fit and proper therefor; that said liquor so purchased by the plaintiff was not wholesome or fit for human consumption but was poisonous and contained wood alcohol and other poisonous ingredients and was highly injurious and poisonous to any one drinking the same; which facts were known to or should have been known by the defendant; that the plaintiff drank a portion of said liquor and thereby was made almost totally blind; for which damage the plaintiff seeks to recover in this action.

The complaint does not specifically allege that the plaintiff purchased and the defendant sold intoxicating liquor for beverage purposes; but its language is such that it is susceptible of no other construction. Both parties have assumed in their arguments of this motion that such was the fact.

The maintenance of a place for the sale of intoxicating liquors was not a nuisance at common law, nor is it a nuisance under the Penal Law of the State of New York, nor is it a crime under such law. (*People* v. *Cook*, 220 App. Div. 110.) Under the National Prohibition Act the purchase and sale of intoxicating liquors for beverage purposes is prohibited and the maintenance of a place for the sale of intoxicating liquor is made a common nuisance; so that the purchase and sale of intoxicating liquor are in the legal aspect *mala prohibita* rather than *mala in se.*

Under the National Prohibition Act " the word ' liquor ' or the phrase ' intoxicating liquor ' shall be construed to include alcohol, brandy, whisky, rum, gin, beer, ale, porter, and wine and in addition thereto any spirituous, vinous, malt, or fermented liquor, liquids, and compounds  *  *  *,  containing one-half of 1 per centum or more of alcohol by volume *which are fit for use for beverage purposes."* (Barnes' Fed. Code [1926 Supp.], § 8351; U. S. Code, tit. 27, § 4.)

Said act further provides: " No person shall on or after the date when the eighteenth amendment to the Constitution of the United

States goes into effect, manufacture, sell, barter, transport, import, export, deliver, furnish or possess any intoxicating liquor except as authorized in this Act   *   *   *."   (Barnes' Fed. Code [1926 Supp.], § 8351-b; U. S. Code, tit. 27, § 12.)

It further provides: " No one shall manufacture, sell, *purchase,* transport, or prescribe any liquor without first obtaining a permit from the commissioner so to do, except that a person may, without a permit, purchase and use liquor for medicinal purposes when prescribed by a physician as herein provided   *   *   *."   (Barnes' Fed. Code [1926 Supp.], § 8351-e; U. S. Code, tit. 27, § 16.)

The transaction as set up in the complaint was one prohibited by the National Prohibition Act; there are no allegations to show that it came within the exceptions for which permits may be issued. In view of the prohibitions of the Eighteenth Amendment to the Federal Constitution, and of the National Prohibition Act, where, excepting under limitations authorized by the act, the manufacture, purchase and sale, etc., of any intoxicating liquor are prohibited, the presumption is that such a transaction as is set up in the complaint was in violation of said Federal statute, and the burden is upon the plaintiff, if he would avoid the consequences of such fact, to establish that such purchase and sale were lawful and under permit provided for in said statute. No permit authorizing the purchase or sale having been alleged, we have, for the purposes of this motion, an illegal transaction within the prohibition of the National Prohibition Act. (*Adler* v. *Zimmerman,* 233 N. Y. 431.)

But it is urged by the plaintiff that because under the laws of this State the sale of intoxicating liquors is not illegal the transaction should for the purposes of this case be construed as an ordinary sale of a commodity for human consumption, under the warranties applicable thereto. This argument overlooks the provisions of section 2 of article VI of the Constitution of the United States, which reads as follows: " This constitution, and the laws of the United States which shall be made in pursuance thereof; *   *   *   shall be the supreme law of the land; *and the judges in every state shall be bound thereby, any thing in the constitution or laws of any state to the contrary notwithstanding.*"

The National Prohibition Act has been held by the Supreme Court of the United States to be constitutional; so that, irrespective of the fact that the Legislature of the State of New York has failed to exercise its power, concurrent with that of the Congress, to enact legislation for the enforcement of the provisions of the Eighteenth Amendment, and that there are now no statutes of the State of New York prohibiting or regulating traffic in intoxicating liquor, every judicial officer in the State is bound in his

judicial capacity thereby. While difficult problems have arisen and will arise in the courts of the State in respect of the application of the National Prohibition Act to a particular set of facts, the above-quoted provision of the Federal Constitution becomes the guide where questions involving the application of the provisions of the National Prohibition Act arise. The trend of judicial decision is now definite.

In *Adler* v. *Zimmerman* (*supra*), where recovery was sought on account of a check given in payment for intoxicating liquor purchased, the defendants purchasers had a permit to sell, but there was no evidence that they had a permit to purchase; nor was there evidence that the plaintiff had a permit to sell. Plaintiff's right of recovery was denied, for the reason that " before he can recover, the burden was upon him to show that the sale was legal. * * * The presumption is that it was illegal until brought within the exceptions of the act, or it is shown to have been permitted by the federal authorities.

" To recover the purchase price or commissions for putting through the deal, the plaintiff was obliged to prove both a permit to sell and a permit to purchase. This is not the case where a sale of a commodity is legal except in certain instances; it is illegal except as authorized.

" The check sued upon being part of the consideration for an illegal sale under the National Prohibition Act, it is void in the hands of the plaintiff who knew about the transaction and the purpose for which it was given. He cannot recover thereon. *No cause of action can arise out of a transaction made illegal by statute.*"

In *People* v. *Otis* (235 N. Y. 421) we have a criminal action in which was decided the question as to whether whisky illegally held was the subject of larceny. While the court notes the provision of the National Prohibition Act that " no property rights shall exist " in liquor illegally possessed, and holds that " there can be no larceny of property not subject to ownership," it nevertheless holds that the provision of the statute that " no property rights shall exist " in liquor illegally possessed did not have general application but was enacted for the protection of government officials in the performance of their duties; it uses the following language: " Questions had arisen as to the taking and destruction of property illegally used without a formal condemnation by court decree. (*Lawton* v. *Steele*, 152 U. S. 133.) It was there said that the owner of property so taken had his remedy. He might, if the use of the property was not in fact illegal, replevy it or have an action for its value, and in such cases the burden would be on the defendant to prove jurisdiction. It was to answer as far as possible

these suggestions, to protect the officer making the seizure or destroying the liquor, to secure the title of him who might purchase the liquor from the government, to permit a summary remedy by court decree, possibly also to vest immediately the title to such liquor in the State [*People* v. *Case*, 220 Mich. 379; 190 N. W. 289], that the provisions as to presumptions and as to property were enacted. However broad the language used its effects should be confined to the purposes for which it was intended. Property rights in such liquor are not forever ended. They pass to the government. They pass from it to a purchaser." The barrels containing the liquor had been stolen, and the court, in sustaining the conviction, said: " While no reference was made to them in the charge to the jury, they are mentioned in the indictment. To them the provision of the statute does not apply. They were chattels having some value. This is enough in itself to sustain the conviction." It would, therefore, seem that the limitation sought to be imposed upon the meaning of the provision of the statute that no property rights shall exist in liquor illegally possessed was hardly necessary to the decision.

In *Armstrong* v. *Sisti* (242 N. Y. 440) the defendant, upon the premises occupied by him, had, under government regulation, a private " customs bonded warehouse; " there was a sealed lock upon the door to the part of the premises used as a bonded warehouse, and the key to the lock was in the possession of the United States officers; the defendant had not the means or the right to enter the storeroom after it was locked; liquors were seized on the premises of the plaintiff and stored in this warehouse. Two years after the seizure an order was made adjudicating that the plaintiff was entitled to the return of the seized liquor on the ground that the search warrant and the seizure thereunder were illegal. When the warehouse was unlocked the liquor was not all there, and the plaintiff sought to recover from the defendant damages which he had suffered from the loss of the liquor. After reversing the judgment in favor of the plaintiff on other grounds, the court said: " The evidence produced by the defendant shows conclusively that the plaintiff has no lawful right to hold or use the liquor. *It may well be doubted whether legal damage is sustained or may be proven for deprivation of property which the plaintiff may not legally hold, use or sell.* * * * At present we merely point out the doubt so that no inference may be drawn from reversal based on the ground that no negligence was proven, that we would sustain a judgment for substantial damage even if negligence had been shown."

In *Gonch* v. *Republic Storage Co., Inc.* (245 N. Y. 272), where an action was brought to recover for the loss of twenty-seven

barrels of whisky stored in defendant's warehouse on the ground of failure on the part of the bailee to exercise reasonable care, the court said: " Plaintiff suffered no injury to a lawful property right and, therefore, is entitled to no damages. The whisky had no pecuniary value to him. Indeed, it had intrinsic value and thus could be the subject of larceny (*People* v. *Otis*, 235 N. Y. 421), but it was as worthless to plaintiff as a gem in the sea. The National Prohibition Act deprived him of any property in it and forbade him to possess, transport, use or sell it  *  *  *  except as authorized in the act  *  *  *.  By section 16 [of the act, title 27, chapter 2, Mason's U. S. Code] no one may sell or transport any liquor without first obtaining a permit from the commissioner to do so. Section 39 provides that it shall be unlawful to have or possess any liquor which has been used in violating the statute and declares that no property rights shall exist in any such liquor. Concededly, plaintiff did transport the liquor to New York without first obtaining a permit. None could lawfully have been issued. He could not, therefore, lawfully have or possess the whisky, for it had been used in violating the statute, and no property rights existed in it. In *Armstrong* v. *Sisti* (242 N. Y. 440, 452) *we expressed doubt whether legal damage is sustained or may be proven for deprivation of property which the plaintiff may not legally hold, use or sell. Now the doubt is dispelled and we answer that no damage is sustained.*"

From the above citations it is now clear that no action can be maintained between original parties to a contract for a purchase and sale of intoxicating liquors prohibited by the National Prohibition Act to recover damages for breach thereof.

The plaintiff here seeks to recover damages on the ground of the breach of an express or implied warranty. The sale of the liquor by the defendant to the plaintiff was in violation of the National Prohibition Act. Being illegal by force of the act, there was no contract; and, therefore, there was no relationship between the parties under which there was or could be a breach of warranty. Warranty, express or implied, is incidental to a contract and arises from it; there being no contract, there can be no warranty to be breached.

While attention has not been called to any decision in point, in *Harkins* v. *Provenzo* (116 Misc. 61) there was a sale of whisky containing wood alcohol or some other poison by the defendant's intestate to the plaintiff, who, as a result of the drinking of said whisky, became seriously ill, suffered loss of sight and became totally and permanently blind. The allegation was that the defendant's intestate warranted and agreed that the said liquor so sold to plaintiff was wholesome and fit for human consumption, and that

plaintiff, relying upon such warranty and agreement, drank and consumed said liquor as aforesaid. The complaint was dismissed upon the ground that the action was one which did not survive death. The learned judge, however, after deciding that the action did not survive death, stated: " The contract alleged was in violation of the Federal statute. It was, therefore, an illegal and void agreement, and it is difficult to discover how such an illegal and void agreement can be made the basis of a cause of action, or how a valid implied warranty of quality and wholesomeness of the whisky sold can be engrafted on a contract prohibited by law."

The plaintiff has suffered serious injuries; but mere reluctance on the part of the court cannot obviate the duty to apply to the question involved principles of law which appear to it to be fundamental and well established. No lawful contract is set up in the complaint, and, therefore, there is no warranty, express or implied, to be breached. The complaint fails to state any basis upon which an action for damages may be maintained.

It is urged by the plaintiff that the parties to the contract are not *in pari delicto;* that " the plaintiff is not a wrong-doer, as the purchase of intoxicating liquor is not a crime under state or federal statutes." Counsel overlooks the above-quoted provision of the National Prohibition Act that no one shall " manufacture, sell, purchase, transport or prescribe any liquor without first obtaining a permit." The parties stand, therefore, *in pari delicto.*

In view of the trend of the above-cited decisions and in view of the fact that there are here no equitable considerations, and of the express provisions of the National Prohibition Act, the rule announced in *Tracy* v. *Talmage* (14 N. Y. 162) and reiterated in *Irwin* v. *Curie* (171 id. 409), that " where the contract is merely *malum prohibitum* the court will interfere if the guilt rests chiefly with one, although both have participated in the illegal act," has no application.

Having in mind that the above-quoted definition of " liquor " or " intoxicating liquor " involves the proposition that *liquor* under the definition is liquor " fit for use for beverage purposes," and the fact that wood alcohol is not liquor fit for beverage purposes, and the provisions of sections 198 and 199 of the Agriculture and Markets Law of the State of New York, interesting questions would have arisen had the plaintiff framed his complaint upon a different theory; but the language of the complaint here necessarily excludes the consideration of any such questions. The complaint is framed upon the theory of a breach of an implied or express warranty, and, for the reasons stated, must fail.

The motion for judgment upon the pleadings dismissing the

complaint, with costs of the motion, is granted, without prejudice, however, to the right of the plaintiff to bring a new action on other grounds.

Ordered accordingly.