GEORGE BOLIVER, Plaintiff, v. ORA D. MONNAT, Defendant.

Supreme Court, Lewis County, December 30, 1929.

*Kilby, Norris & Smith,* for the plaintiff.

*T. Arthur Hendricks,* for the defendant.

SMITH (EDWARD N.), J. From the complaint and the bill of particulars furnished by the plaintiff, which, for the purposes of the motion, must be read together, it appears that the defendant is the proprietor of and engaged in conducting a place of public entertainment in a hamlet known as Indian River in the town of Croghan, Lewis county, N. Y.; that between the 29th and 31st days of May, 1926, both dates inclusive, the plaintiff visited the defendant's place with the intention to purchase whisky for beverage purposes; that he did purchase a bottle stated by the defendant to the plaintiff to contain whisky; that he drank of the contents of the bottle and thereafter became blind; that the defendant sold the plaintiff a liquid containing methyl or wood alcohol, and that the cause of the blindness was this ingredient of the liquid so sold; and for the injuries which he has suffered the plaintiff in this action seeks to recover damages from the defendant.

The complaint sets up two separate causes of action; one based upon the proposition that the defendant did wrongfully, unlawfully and knowingly sell and deliver to the plaintiff for immediate consumption an article of food, to wit, a certain beverage, which beverage was adulterated and contained methyl or wood alcohol; that the beverage was purchased by the plaintiff for immediate consumption by him, a fact known to the defendant; that by reason of the drinking of it he suffered the blindness as hereinbefore stated.

This part of the complaint alleges that what was done by the defendant was in violation of sections 198 and 199 of the Farms and Markets Law of the State of New York.*

The second cause of action sets forth the same transaction but is based upon the proposition that the defendant sold and delivered as fit for immediate human consumption and the plaintiff purchased a quantity of a certain beverage which the defendant then and there warranted was fit and proper for such immediate consumption. In other words, the second cause of action is based upon a breach of warranty, express or implied.

As to the second cause of action the motion to dismiss must be granted, on the ground that the contract of purchase and sale to which the plaintiff now seeks to apply the doctrine of implied or express warranty was an unlawful contract, and that, there being no lawful contract set up in the complaint and bill of particulars, there can be no implied or express warranty to be breached. This subject has been fully considered in a former action between the same parties, wherein a motion to dismiss the complaint was granted on the same ground. (*Boliver* v. *Monnat*, 130 Misc. 660.)

As to the first cause of action a different and peculiar situation arises. Under the National Prohibition Act the purchase and sale of intoxicating liquors for beverage purposes are prohibited.

Said act provides: " No person shall on or after the date when the eighteenth amendment to the Constitution of the United States goes into effect, manufacture, sell, barter, transport, import, export, deliver, furnish or possess any intoxicating liquor except as authorized in this Act,   *   *   *." (41 U. S. Stat. at Large, 308; Barnes' Fed. Code [1926 Supp.], § 8351-b; U. S. Code, tit. 27, § 12.) It further provides: " No one shall manufacture, sell, *purchase*, transport, or prescribe any liquor without first obtaining a permit from the commissioner so to do, except that a person may, without a permit, purchase and use liquor for medicinal purposes when prescribed by a physician as herein provided   *   *   *." (41 U. S. Stat. at Large, 310; Barnes' Fed. Code [1926 Supp.], § 8351-e; U. S. Code, tit. 27, § 16.) There being no allegations in the complaint upon the subject, the presumption is that the enterprise upon which the parties intended to enter, to wit, the purchase and sale of whisky, was in violation of said Federal statute. (*Boliver* v. *Monnat*, 130 Misc. 660, at p. 662.) The act of the plaintiff in attempting to purchase whisky was an unlawful act, and if the transaction be one within the prohibition of the National Prohibition Act there can be no recovery on the part of the plaintiff.

---

* Title amended to read "Agriculture and Markets Law" by Laws of 1927, chap. 207, in effect March 19, 1927.— [Rep.

It has been held in this State that a violation of a law or ordinance "neither of itself constitutes or fixes liability for negligence; nor prevents recovery for injury where the proximate cause was the negligence of another." (*Clark* v. *Doolittle*, 205 App. Div. 697; *Hatch* v. *Terry*, 153 id. 230; *Hyde* v. *McCreery*, 145 id. 729; *Messersmith* v. *American Fidelity Co.*, 232 N. Y. 161.) The foregoing statement, in so far as it relates to violations of statutory provisions, is too broad, for the violation of a statute in reference to conduct, whatever may be the rule in reference to ordinances and police regulations, is more than evidence of negligence; it constitutes negligence, in itself; and if such violation have a causal connection with the resultant injury a defendant on the one hand would be liable if he were the violator, and a plaintiff, on the other hand, if he were the violator, would be guilty of negligence and could not recover. (*Martin* v. *Herzog*, 228 N. Y. 164, 169.)

"Where the enterprise upon which the plaintiff appears to have been bent is in itself unlawful and contrary to public policy * * * he cannot recover damages for an injury sustained while engaged in that enterprise by reason of the negligence of another, although the negligent act complained of may be the immediate and proximate cause of the damage in question." (Street's Foundations of Legal Liability, vol. 1, p. 177.)

One on a highway which is closed to traffic who tears down the barrier and proceeds would have no right to recover; one who enters a store with intent to rob and trips and falls with resultant injury would have little consideration in an action to recover damages for his injury. Lawlessness cannot be prevented by making the violator of the law a beneficiary of the consequences of his violation of law. So, in the instant case, if this plaintiff violated the National Prohibition Act and as a consequence of such violation suffered injuries he would have no right to recover.

That both the plaintiff and the defendant intended to violate this law is obvious; and if there was a violation of this law by the plaintiff which resulted in the injury he cannot recover, for "No cause of action can arise out of a transaction made illegal by statute." (*Adler* v. *Zimmerman*, 233 N. Y. 431.)

But was there in the instant case a violation of the National Prohibition Act? The act contains the following definition: "The word 'liquor' or the phrase 'intoxicating liquor' shall be construed to include alcohol, brandy, whisky, rum, gin, beer, ale, porter, and wine and in addition thereto any spirituous, vinous, malt, or fermented liquor, liquids, and compounds * * *, containing one-half of 1 per centum or more of alcohol by volume *which are fit for use for beverage purposes*." (41 U. S. Stat. at Large, 307; Barnes' Fed.

Code [1926 Supp.], § 8351; U. S. Code, tit. 27, § 4.) It is alleged in the complaint that the liquid sold by the defendant to the plaintiff contained methyl or wood alcohol. If it contained this deleterious ingredient it was not a liquor or an intoxicating liquor " fit for use for beverage purposes." So that, whatever may have been the intent of the parties, the fact is, under the allegations of the complaint, that what was sold was not fit for use for beverage purposes; and, therefore, the sale was not one in violation of the National Prohibition Act. While intent is an element in criminal law, mere intent does not constitute a crime, without action in pursuance of the intent.

So, this question having been eliminated, does the complaint in its first cause of action state facts sufficient to constitute a cause of action? The first cause of action set forth in the complaint contains no allegation of negligence on the part of the defendant or freedom from contributory negligence on the part of the plaintiff, but it is alleged that the beverage sold by the defendant to the plaintiff was adulterated, in that it contained methyl or wood alcohol and other added adulterous ingredients which rendered the same injurious to health; " all in violation of the provisions of sections 198 and 199 of the Farms and Markets Law of the State of New York." It is not necessary specifically to allege negligence *in hœc verba* if it appear from the allegations of the complaint itself. In such a case as this liability is " generally rested upon the conception of negligence, though it is perhaps also referable to the idea of breach of implied warranty." (Street's Foundations of Legal Liability, vol. 1, p. 60.) While, as already held in this case, the action may not be based upon the proposition of warranty on the ground that there was no legal contract from which warranty might arise, yet the circumstances are such and the facts of the case may so develop upon the trial that the action becomes one of negligence. The situation is somewhat analogous to that which arose in the case of *Beckwith* v. *Oatman* (43 Hun, 265).

The sale of wood alcohol for human consumption is prohibited by the laws of this State. Section 437-a of the Penal Law makes a person who knowingly sells or offers for sale or manufactures for human consumption any beverage containing wood alcohol guilty of a misdemeanor.

Section 2, subdivision 4, of the Farms and Markets Law* includes " all articles of food, drink, confectionery or condiment, * * * used * * * by man or animals," whether simple, mixed, or or compounds.

---

* See Agriculture and Markets Law (Laws of 1927, chap. 207), § 2, subd. 4, as amd. by Laws of 1929, chap. 207.— [Rep.

Section 198 of said law prohibits the sale of "any article of food which is adulterated or misbranded within the meaning of this article."

Section 199, subdivision 7, of said law provides: "Food shall be deemed adulterated if it contains methyl or wood alcohol in any of its forms, or any methylated preparation made from it."

Section 200, subdivision 2, of said law provides that an article of food shall be deemed to be misbranded "if the package containing it or its label shall bear any statement regarding such article, or the ingredients or substance contained therein, which shall be false or misleading in any particular."

In *Martin* v. *Herzog* (*supra*) it was held that the unexcused omission of a statutory duty is more than some evidence of negligence; it is negligence in itself.

The allegation in the complaint is clear that the defendant, in selling the liquor to the plaintiff containing wood alcohol, did an act in violation of the statutory provision. While under the peculiar circumstances of this case the question is manifestly not free from difficulty, I am satisfied that the first cause of action set up in the complaint should not be dismissed, and that if the facts substantiate the claim of the plaintiff that the defendant sold the plaintiff an article containing wood alcohol, knowing that the same was to be drunk by the plaintiff, and the plaintiff drank the same with the resulting injury as claimed in the complaint, the issue raised by the pleading should be passed upon by a jury.

The complaint does not allege freedom from contributory negligence on the part of the plaintiff; nor is such an allegation essential in a complaint in an action for negligence. (*Lee* v. *Troy Citizens' Gas Light Co.*, 98 N. Y. 115.)

The motion of the defendant for a dismissal of the complaint should be granted in so far as it relates to the second cause of action, and denied in so far as it relates to the first cause of action. Ordered accordingly.

