Dirk Boer and Jacobus Boer, Copartners, Trading under the Firm Name of Boer Brothers, Plaintiffs, *v.* Marcelino Garcia, Defendant.

Supreme Court, New York County, March, 1922.

Contract — sale of alcohol — where it appears that it was the intention of the parties to transship goods from abroad at New York in violation of National Prohibition Act, the complaint will be dismissed.

Where a contract in writing upon its face is capable of performance in a lawful manner by a shipment of alcohol direct from Havana to Holland, it is competent for the defendant, who interposed the defense of illegality in an action on the contract, to show by extrinsic evidence that at the inception of the contract it was the intention of the parties that shipment be made to the port of New York. If so, the required transshipment at New York would be illegal.

The uncontradicted testimony of one of defendant's witnesses that his suggestion to plaintiffs' representative when the contract was made, that the alcohol be shipped direct to Holland, was refused and that said representative insisted that the goods come via New York, clearly indicated that it was the original intention of the parties to perform the contract in violation of the National Prohibition Act, and a motion to set aside a verdict in favor of plaintiff will be granted and the complaint dismissed.

The provisions of the contract respecting payment for the alcohol at a bank in the city of New York upon presentation of shipping documents and gauge certificate, while not conclusive as to the intention that the shipment would be via New York, were important when considered with the other uncontradicted testimony in the case.

Motion to set aside verdict for the plaintiffs and for a dismissal of the complaint.

*Jonas E. Hegt,* for plaintiffs.

*Charles E. Scribner,* for defendant.

O'Malley, J. While the contract was in writing and upon its face capable of being performed in a lawful manner by shipment of the alcohol direct from Havana to Holland, it was competent for the defendant to show by extrinsic evidence that the parties in the inception of the agreement intended that shipment be made through the Port of New York. Pollock Cont. (3d Am. ed.) 492; *Sirkin* v. *Fourteenth Street Store,* 124 App. Div. 384, 392; *Ernst* v. *Crosby,* 140 N. Y. 364.

If under the contract shipment via New York was required, it was conceded for the purpose of the trial that transshipment here would also be required. This, it has been held, would constitute a violation of the National Prohibition Act. *Anchor Line* v. *Aldridge,* N. Y. L. J. Oct. 27, 1921.

While the provisions of the contract respecting payment for the alcohol at the National City Bank upon presentation of " shipping documents and gauge certificate " cannot be considered conclu-

sive upon the intention of the parties that the shipment would be made via New York, it is an important fact when considered with other evidence in the case. That evidence is to be found in the uncontradicted testimony of one of the defendant's witnesses. He testified that when the contract was made he suggested to plaintiffs' representative that the alcohol be shipped direct from Havana to Holland. Plaintiffs' representative refused to adopt this suggestion and insisted that the goods come via New York. This clearly indicates that it was the original intention of the parties to perform the contract in violation of law. *Shedlinsky* v. *Budweiser Brewing Co.*, 163 N. Y. 437; *Church* v. *Proctor*, 66 Fed. Rep. 240; Pollock Cont. (3d Am. ed.) 493.

The ruling of the treasury department permitting transshipment of alcohol for beverage purposes at the time the contract was made does not affect the legal situation of the parties. Such a ruling was contrary to the statute and could have no effect. *Anchor Line* v. *Aldridge, supra; Merritt* v. *Cameron*, 137 U. S. 542; *United States* v. *Graham*, 110 id. 219; *Magruder* v. *Belle Fourche Valley Water Users' Ass'n*, 219 Fed. Rep. 72, 78.

It follows that the defense of illegality interposed by the defendant must prevail and that his motions to set aside the verdict and for a dismissal of the complaint should be granted.

Motion to set aside the verdict granted and complaint dismissed. A stay of thirty and sixty days is granted.

Ordered accordingly.