PAUL V. LUNDY, Appellant, v. WILLIAM A. ORR, Respondent, Impleaded with OWEN B. MURPHY, Defendant.

First Department, May 4, 1923.

Master and servant — action to recover for services rendered in assisting defendants in purchase and sale of intoxicating liquors — complaint which fails to allege facts showing legality of transaction does not state cause of action — acts involving sale of intoxicating liquors are presumptively illegal.

In an action to recover for services rendered by the plaintiff in assisting defendants in buying, selling and otherwise dealing in intoxicating liquors, liquor certificates and warehouse receipts, a complaint is insufficient which fails to allege facts which bring the sale or sales on which plaintiff bases his claim within the authority of the National Prohibition Act.

All acts of persons involving the sale of intoxicating liquors are presumptively illegal until brought within the exceptions of the National Prohibition Act, or shown to have been permitted by Federal authority.

SMITH, J., dissents.

APPEAL by the plaintiff, Paul V. Lundy, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of December, 1922, granting respondent's motion for judgment dismissing the complaint, made upon the ground that it does not state facts sufficient to constitute a cause of action.

*George B. Hayes,* for the appellant.

*Nelson Ruttenberg* and *Norbert Ruttenberg* [*J. Robert Rubin* of counsel], for the respondent.

McAVOY, J.:

The amended complaint which was here dismissed is for services rendered by plaintiff in assisting defendants in connection with a business in which defendants were copartners, according to the complaint, duly engaged as brokers in the business of buying, selling and otherwise dealing in liquors, liquor certificates, warehouse receipts and certificates and other papers showing the lawful and legal possession of liquor, the complaint alleging that at all the times mentioned therein the vendors, vendees and others in the transactions were respectively duly authorized and duly permitted to sell liquors, and to purchase same in accordance with the National Prohibition Act and the rules and regulations adopted thereunder.

The plaintiff claims that he was to receive a dollar per case for each case or package of liquor bought, sold or otherwise dealt

in by defendants in said business; that he did, according to his contract, assist defendants in connection with this business, and that during the time that he was so engaged and employed by defendants they sold 36,000 cases or packages of liquor upon which he became entitled to the dollar per case, or $36,000. The obvious ground upon which dismissal was had was that the contract alleged in the complaint is not sufficiently relieved, by appropriate statement, of an apparent illegality under the National Prohibition Act so as to come within the nature of a contract which the courts will enforce. The interpretation given the National Prohibition Act (41 U. S. Stat. at Large, 305, chap. 85), known as the Volstead Act, in *Adler* v. *Zimmerman* (233 N. Y. 431) seems to indicate that in any action based upon the sale of liquors it must be shown that the particular transaction involved was lawful and in compliance with the provisions of the act. The presumption usually accompanying acts of persons is that they are lawful, but all acts of persons involving the sale of liquor are presumptively illegal until brought within the exceptions of the act, or shown to have been permitted by Federal authority. In that case it was said that to recover the purchase price or commissions for putting through the deal the plaintiff was obliged to prove both a permit to sell and a permit to purchase. It follows, therefore, that every transaction is illegal, except as authorized under the statute and pursuant to permits under regulations adopted within the authority of the statute. The complaint failing to show facts which bring the sale or sales of 36,000 cases of liquor upon which plaintiff claims compensation for his assistance in bringing about within the exceptions allowing sales of liquor for various purposes under the National Prohibition Act, it is apparently impossible to proceed under it. The order should be affirmed, with ten dollars costs and disbursements, with leave to plaintiff to serve another amended complaint on payment of said costs and ten dollars costs of motion at Special Term.

CLARKE, P. J., DOWLING and FINCH, JJ., concur; SMITH, J., dissents.

Order affirmed, with ten dollars costs and disbursements, with leave to plaintiff to serve a further amended complaint within fifteen days from service of order upon payment of said costs and ten dollars costs of motion at Special Term.