DIRK BOER et al., Copartners under the Firm Name of BOER BROTHERS, Appellants, *v.* MARCELINO GARCIA, Respondent.

Contract — sale — purchase of alcohol to be shipped from Cuba to Hamburg — issuance in payment of letter of credit providing for payment for alcohol "F. O. B. Havana, Cuba, via New York to Hamburg "— action to recover for failure to ship alcohol — defense that shipment "via New York" would be a violation of National Prohibition Law — seller bound to comply with terms of letter of credit in order to secure payment thereof — not liable in damages for not doing what he had no right to do.

1. Where plaintiffs made a contract with defendant for the purchase of alcohol to be shipped from Cuba to Hamburg, subsequently changed to Rotterdam, payment to be " made in New York at the National City Bank against presentation of complete shipping documents," and a letter of credit was issued by said bank to the seller providing for payment for the alcohol " F. O. B. Havana, Cuba, via New York to Hamburg * * * Documents required, full set ocean bills of

lading issued to order blank endorsed," but the defendant failed to ship any alcohol, it is a complete defense to an action to recover for such failure that, in view of a decision of the United States Supreme Court, made after his default, it would have been impossible for him on the date for delivery to comply with his contract without contributing to a violation of the National Prohibition Law and this is so even though he did not, at the time of his default, understand that his shipment would lead to such a violation.

2. A contention that the original contracts did not call for shipment via New York; that there was no binding obligation on the part of the defendant to ship on that route but that he could have shipped direct to Rotterdam and compelled the plaintiffs to pay the contract price; that plaintiffs were entirely free under the terms of the contract, without violating any of their obligations to the defendant, to require the defendant to ship the goods elsewhere and that, in this manner, any violation would have been avoided and that defendant, therefore, is not excused for his default, cannot be sustained. Under the contract, supplemented by the letter of credit procured by plaintiffs and accepted by defendant as the only means of payment which the plaintiffs were required to make, it was the clear duty of the vendor, if he wanted to get payment under his letter of credit, to place the alcohol on board a ship for shipment via New York and to procure bills of lading in accordance with such shipment which, on presentation to the bank with other necessary documents, would entitle him to payment of his letter of credit. If he had deviated from what were the conditions of payment binding on him, the bank would have been justified in refusing to honor the letter of credit or pay the purchase price of the alcohol. The only course open to him in the performance of the contract would have led him straight into a violation of the law and he had the right to draw back and refuse to go forward to what promised to be such a violation.

3. It does not avail plaintiffs now to say that after the alcohol was delivered F. O. B. Havana they might have changed the course of the ship or might have transshipped the alcohol before reaching New York. The defendant is entitled to have his rights determined by the conditions and obligations which prevailed at the time fixed for shipment and if they led him, through performance of the contract, to illegal action he is not to be punished now by damages because plaintiffs, without any opportunity for him to foresee such action, might subsequently have managed to extricate the contract from an unlawful performance.

*Boer* v. *Garcia*, 208 App. Div. 841, affirmed.

(Argued January 23, 1925; decided February 25, 1925.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 23, 1924, unanimously affirming a judgment in favor of defendant entered upon an order of the court at a Trial Term setting aside a verdict in favor of plaintiffs and directing a dismissal of the complaint.

*Charles J. Nehrbas* and *Jonas J. Hegt* for appellants. The contracts in suit did not require or contemplate, nor did the parties intend, any violation of law. (*Walker & Sons* v. *Lawson,* 275 Fed. Rep. 373; *Grogan* v. *Walker & Sons,* 259 U. S. 80; *Miller* v. *Harvey,* 221 N. Y. 54; *Standard Casing Co.* v. *California Cas. Co.,* 233 N. Y. 413; *Rosenberg Bros. & Co.* v. *Buffum Co.,* 234 N. Y. 338; *Mee* v. *McNider,* 109 N. Y. 500; *Labaree* v. *Crossman,* 110 App. Div. 499; 184 N. Y. 586; *Mersereau* v. *Hirsch Co.,* 136 App. Div. 271; 204 N. Y. 564; *Lorillard* v. *Clyde,* 86 N. Y. 384; *Rosenbaum* v. *U. S. C. System Co.,* 65 N. J. L. 255.)

*Allan R. Campbell* and *Charles E. Scribner* for respondent. The trial court correctly held that " via New York " was an essential part of the original bargain. (*Ernst* v. *Crosby,* 140 N. Y. 364; *Zeller* v. *Leiter,* 189 N. Y. 361; *Continental W. P. Co.* v. *Voight & Sons Co.,* 212 U. S. 227; *Willis* v. *Fernald,* 33 N. J. L. 206; *Di Menna* v. *Cooper & Evans Co.,* 220 N. Y. 391; *Kumberger* v. *Congress Spring Co.,* 158 N. Y. 339; *Knowles* v. *Toone,* 96 N. Y. 533; *United States* v. *Andrews,* 207 U. S. 229; *White* v. *Hoyt,* 73 N. Y. 505; *Henry & Co.* v. *Talcott,* 175 N. Y. 385.) Shipment of the alcohol via New York was against the law, and no action lies ror failure to make that shipment. (*Anchor Line* v. *Aldridge,* 259 U. S. 80; *Cunard Co.* v. *Mellon,* 262 U. S. 101; *Grogan* v. *Walker & Sons,* 259 U. S. 80; *Miller* v. *Ammon,* 145 U. S. 421; *Merritt* v. *Cameron,* 137 U. S. 542; *Clark Distilling Co.* v. *W. M. Ry. Co.,* 242 U. S. 311; *Materne* v. *Horwitz,* 101 N. Y. 469; *Hull* v. *Ruggles,* 56 N. Y.

424; *Landauer* v. *Craven & Speed Bros.*, L. R. [1912] 2 K. B. 94; *Hansson* v. *Hamel & Horley*, L. R. [1922] 2 App. Cas. 36; *N. & W. Ry.* v. *Distilling Co.*, 127 Va. 414.) At the time for shipment the defendant's contract obligation was limited to shipment via New York, and his failure to ship direct was, therefore, not a breach. (*Lamborn* v. *L. S. Trust Co.*, 231 N. Y. 616; *Silberman* v. *Clarke*, 96 N. Y. 522; *Goldenberg* v. *Cutler*, 189 App. Div. 489; *Brandt* v. *Morris*, [1917] 2 K. B. 784; *Krauter* v. *Menchacatorre*, 202 App. Div. 200; *Ybarrá* v. *Moscahlades*, 206 App. Div. 753; *Partola Mfg. Co.* v. *General Chemical Co.*, 234 N. Y. 320.) The appellants' contention that if shipment via New York was illegal the defendant should have shipped direct from Havana to Rotterdam cannot be upheld upon any principle of the law of contract or of sales. A shipment direct to Rotterdam was not the stipulated act in consummation of the sale. It would not pass title to the goods nor provide the defendant with the documents requisite to obtain payment of the price. (*Dorrance* v. *Barber & Co.*, 262 Fed. Rep. 489; *Essex S. S. Co.* v. *Langbehn*, 250 Fed. Rep. 98.)

HISCOCK, Ch. J. The plaintiffs made a contract with defendant for the purchase of some molasses alcohol which was to be shipped from Cuba. The contract provided for shipment to Hamburg, subsequently changed to Rotterdam, at a certain price " per gallon F. O. B. Havana, Cuba," and payment was to be " made in New York at the National City Bank against presentation of complete shipping documents." At the time the contract was made the defendant suggested that shipment be made direct from Havana to Hamburg but plaintiffs refused to accept this suggestion and insisted that shipment be via New York and a letter of credit was issued by the National City Bank, mentioned in the original contract, to the seller which provided for payment for the alcohol " F. O. B. Havana, Cuba, *via New York* to

Hamburg * * * Documents required, full set ocean bills of lading issued to order blank endorsed." The time for delivery by defendant was extended from May as originally provided to July tenth. According to the evidence offered in behalf of defendant he was unable to procure the necessary drums in which to ship the alcohol and he claims that shortly subsequent to the date of delivery, having secured a sufficient number of drums to enable him to ship part of the alcohol called for by the contract he offered to do this but plaintiffs refused to accept it and, therefore, he failed to ship any, and this action is brought to recover damages for such failure.

On the date fixed for delivery no change had been made in the route of shipment as specified in the letter of credit and under which route it is conceded that the alcohol would have been brought into the Port of New York and there transshipped to its foreign destination. When this contract was made and the course of shipment thus fixed it had been held by the port officials and undoubtedly was assumed by the parties to the contract that such transport and transshipment of the alcohol into and at the Port of New York would not be a violation of the Eighteenth Amendment and of the National Prohibition Law passed in pursuance thereof, but after defendant's default had occurred there was adopted by the Supreme Court the conclusion, obviously not anticipated either by governmental officials or by these parties, that such route and transshipment of the alcohol would be a violation of those provisions of the Prohibition Law relating to transportation within the United States. (*Anchor Line* v. *Aldridge*, 259 U. S. 80.) In view of this decision although made after his default defendant now urges and the courts below have held that it would have been impossible for him on the date for delivery to comply with his contract without contributing to a violation of our statute and that inasmuch as he could

not have been required to do this at the time he cannot now be held in damages because he did not do it, even though he did not at that time understand that his shipment would lead to such a violation.

In opposition to the views which have thus been adopted it is argued by counsel for appellants in substance that the contracts (thereby meaning, we suppose, the original contracts) did not call for shipment via New York; that there was no binding obligation on the part of the defendant to ship on that route but that he could have shipped direct to Rotterdam and compelled the plaintiffs to pay the contract price; that plaintiffs were entirely free under the terms of the contracts without violating any of their obligations to the defendant to require the defendant to ship the goods elsewhere and that, in this manner, any violation would have been avoided and that defendant, therefore, is not excused for his default under the rule laid down especially in *Waugh* v. *Morris* (L. R. 8 Q. B. 202) where it is said that " We think that in order to avoid a contract which can be legally performed on the ground that there was an intention to perform it in an illegal manner it is necessary to show that there was a wicked intention to break the law; and if this be so the knowledge of what the law is becomes of great importance." If sustained by the facts the legal propositions urged by appellants' counsel would present interesting considerations and we may assume that we might not differ from the general principles upon which he relies as a basis for his argument. The trouble in our opinion is that the facts do not furnish a basis upon which he can rest his argument. We think that defendant now has the right to claim that if on the day for shipment he had complied with his contract and with conditions which were binding on him, he would have been compelled to enter upon a course which, so far as he could foresee, would lead to a violation of the law and that under such circumstances and in accordance with well-

settled rules he had the right to draw back and refuse to go forward to what promised to be such a violation.

While the original formal contract between the parties did not provide for shipment via New York it did provide for "payment to be made in New York at the National City Bank against presentation of complete shipping documents." On the next day this contract was supplemented and amplified by a letter of credit procured by plaintiffs and accepted by defendant as the only means of payment which the plaintiffs were required to make. This letter of credit as has been stated provided for a certain price for the alcohol "F. O. B. Havana, Cuba, via New York to Hamburg" and the documents required were "full set ocean bills of lading." We have had occasion by recent decisions to point out that the payee of such a letter of credit can only secure payment by strict compliance with the conditions thereof and on the other hand, if and when conditions are complied with by the vendor, the duty is strictly fastened upon the bank of discharging its obligation and paying in accordance with the letter of credit. (*Lamborn* v. *Lake Shore Banking & Trust Co.*, 231 N. Y. 616; *Laudisi* v. *Amer. Exch. Nat. Bank*, 239 N. Y. 234.) Under these circumstances we have no doubt that as matters stood on the day fixed for shipment it was the clear duty of the vendor, if he wanted to get payment under his letter of credit, to place the alcohol on board a ship for shipment via New York and to procure bills of lading in accordance with such shipment and which, on presentation to the bank with other necessary documents, would entitle him to payment of his letter of credit. This course of shipment may not have been a matter of vital importance but, whether it was or not, the vendees had a right to prescribe it and make payment conditional on observance of it by the vendor. This is what they did and if the latter had deviated from what were the conditions of payment binding on him and had placed the

alcohol on board a ship for direct shipment to Hamburg and thus had become unable to secure ocean bills of lading which were in accordance with the terms of the letter of credit, the bank would have been justified in refusing to honor the latter or pay the purchase price of the alcohol. The only course open to him in the performance of the contract would have led him straight into a violation of the law. It does not avail plaintiffs now to say that after the alcohol was delivered F. O. B. Havana they might have changed the course of the ship or might have transshipped the alcohol before reaching New York. The defendant is entitled to have his rights determined by the conditions and obligations which prevailed at the time fixed for shipment and if they would have led him, through performance of the contract, to illegal action he is not to be punished now by damages because plaintiffs without any opportunity for him to foresee such action might subsequently have managed to extricate the contract from an unlawful performance. Undoubtedly, as is argued by appellants, the plaintiffs might have changed the situation if they had become advised of the illegality of the proposed shipment so as to compel performance. We have no doubt that they would have been entitled to give or tender to defendant before the day of shipment such a modification of the letter of credit as would have continued the assurance of payment to him predicated on a shipment directly to Hamburg or Rotterdam. The trouble is that they did nothing of this kind and, therefore, at the hour when he was called on to put his alcohol on board the ship he would have been compelled to do this under conditions which called for a prohibited shipment into New York and, therefore, for a proposed violation of the law. This he was not obliged to do and the law will not now hold him in damages because he did not do something which he had no right to do.

While, of course, we have considered the authorities

which have been collected by appellants' counsel with so much industry we do not review them here because we feel clear that we cannot apply them to present facts.

The judgment should be affirmed, with costs.

CARDOZO, POUND, CRANE, ANDREWS and LEHMAN, JJ., concur; McLAUGHLIN, J., absent.

Judgment affirmed.