David Goldstein, Respondent, *v.* Harry C. Cornwall and Others, Copartners Doing Business under the Firm Name and Style of Cornwall & Stevens, Appellants.

First Department, February 5, 1926.

Trial — verdict — action against insurance brokers for damages based on misrepresentations by brokers rendering policy of burglary insurance invalid — case was submitted to jury on theory that recovery could be had if person procuring insurance was defendants' agent, and also on theory that regardless of agency, defendants had been negligent — agency not shown — general verdict cannot stand.

A general verdict of a jury in an action to recover damages cannot stand, where it appears that the case was submitted to the jury upon two inconsistent issues, if one of the issues is not supported by the evidence.

Accordingly, in an action against insurance brokers to recover damages based on their alleged misrepresentation to the insurance company which rendered a policy of burglary insurance invalid, a general verdict in favor of the plaintiff will not be permitted to stand, where it appears that the case was submitted to the jury on the theory that recovery could be had if the person procuring the insurance was at the time acting as agent for the defendants, and also on the theory that without regard to the question of agency, the defendants were liable if they were negligent in the fulfillment of their duties as insurance brokers, for it appears that the evidence does not support the theory that the person procuring the insurance was the agent of the defendants and, therefore, since the court cannot say whether or not the jury's verdict was based on that theory or on the other, the general verdict will not be permitted to stand.

Appeal by the defendants, Harry C. Cornwall and others, from a determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 4th day of June, 1925, affirming a judgment of the City Court of the City of New York in favor of the plaintiff.

*Bonynge & Barker* [*Frank I. Tierney* of counsel; *Robert J. Sykes* with him on the brief], for the appellants.

*Goetz & Jacoby* [*Isador Goetz* of counsel], for the respondent.

Finch, J. The question to be determined upon this appeal is whether, where a case has been submitted to a jury upon two issues, on one of which the verdict is against the weight of the evidence, a general verdict can be permitted to stand.

The complaint alleges that the plaintiff procured burglary insurance through the defendants, as brokers, suffered a loss by burglary, but was unable to collect the insurance because of a misrepresentation by the brokers to the insurance company that there was on plaintiff's premises a Holmes burglary alarm in good working order.

The plaintiff sued the brokers to recover his loss, alleging that said misrepresentation was made by them without his knowledge or authority.

From the record it appears that one Mrs. Gorton called on the plaintiff and had a conversation with reference to insurance. The substance of the conversation was stricken out upon consent of plaintiff's attorney. The following day, July 22, 1922, plaintiff received from the defendants a letter reading as follows:

*       *       *          *"July 22nd, 1922.*

" DEAR SIR.— Wish to advise we have bound $1,000 Fire insurance on your stock; this binder being effective as of today but in reference to the burglary insurance we were unable to effect this coverage until we have further information. You asked for $500 but unless you insure for eighty per cent of the value of your stock you would be a co-insurer in the event of a loss, therefore, we must have some information as to nature of the protection you have, such as the kind of locks on the doors and windows, if any, and if there are any rear windows or doorways leading into the store or a transom over the front door, are these protected by iron bars or burglar alarms? The rate on burglary insurance will be $40 per $1,000 which is the minimum premium, therefore, if your stock is not worth more than $1,250 you may as well take the $1,000 insurance as the cost would be the same for $500.

" Will you kindly call us up Monday morning and advise us if you desire this burglary insurance.

" Yours very truly,<br>" CORNWALL & STEVENS,

" WW:MB                              By WM. WALBANCKE."

The plaintiff testified that upon receipt of said letter he called up Mrs. Gorton; that Mrs. Gorton called upon him and he showed her the letter, calling her attention to a mistake in the amount of the insurance. The plaintiff denied he had said to Mrs. Gorton that he had a Holmes alarm in good working order or that he had discussed with her the matter of what protection he had against burglary, but testified that at the time of the visit of Mrs. Gorton, workmen were engaged in installing Holmes protection, which Mrs. Gorton observed. The defendants offered testimony to the effect that the original order for the insurance was received on Saturday over the telephone from Mrs. Gorton, whereupon they wrote the above letter to the plaintiff and that on the following Monday, Mrs. Gorton called up again and informed the defendants that there was a Holmes alarm on the premises; that the defendants relied upon this information in making the aforesaid representation

to the insurance company. The court submitted the case to the jury upon two distinct theories: *First*, whether Mrs. Gorton was the agent of the defendants, stating, " so, in order to hold these defendants responsible for anything that was done by them individually, you must find that that individual [Mrs. Gorton] was the defendants' agent." *Second*, the court charged that if, regardless of the question of the agency of Mrs. Gorton, the jury found that the defendants had been negligent in the fulfillment of their duty as insurance brokers which they had assumed, the plaintiff was entitled to recover. Since it cannot be determined until there has been a retrial whether the plaintiff will prove that Mrs. Gorton was the agent of the defendants, this court cannot decide upon the present record as to the merits of this theory of the cause of action. The case thus was submitted to the jury on two theories. As to that of agency, this court is of the opinion that the finding that Mrs. Gorton was the agent of the defendants is against the weight of the evidence. We, therefore, have presented a situation where upon the case being submitted to the jury upon two separate issues the verdict as to one is against the weight of evidence. Under these circumstances the judgment cannot be sustained, since it is not possible to determine whether or not the verdict rests upon one theory or the other. The principle stated in the case of *Buchanan v. Belsey* (65 App. Div. 58) is applicable and controlling. There the court, by PATTERSON, J., said (at p. 60): " From the way in which this case was submitted to the jury and from the nature and form of the verdict rendered, it is impossible to say upon which of the three grounds of attack upon the will that verdict was reached. If it were upon the ground of general testamentary incapacity of the testator, it is clearly against the weight of evidence. If it were on the ground of undue influence, there is not a syllable of evidence to support it. If it were upon the ground of insane delusions concerning his wife and children, we have, to say the least, grave doubt, in view of the relations continuously existing between the testator and the members of his family from the year 1885, whether the verdict can be sustained on that ground. But as the verdict may have been rendered on either of the three grounds upon which the will was assailed, it should not be permitted to stand if either of those grounds was insufficient to nullify that instrument. The jury might have been impressed, as we are, with the inconclusiveness of the evidence offered to defeat the will on the subject of insane delusions and may have placed their verdict upon a finding of undue influence, or of general incapacity of the testator to make a will. It would have been better in this case had specific questions been propounded for the jury to answer, but

as the case comes before us, we are convinced that the verdict should not stand."

Also in *Jennings* v. *Degnon Contracting Co.* (165 App. Div. 248, 250) McLAUGHLIN, J., said: "It is claimed that the defendant was negligent, (a) because it failed to warn the plaintiff that the girder was about to be moved forward, and (b) because it failed to provide a snub line by which the movement of the girder could be controlled. \* \* \* At the conclusion of the trial the defendant moved to dismiss the complaint in so far as it predicated negligence on the failure to use a snub line. The motion was denied and exception taken. An exception was also taken to submitting that question to the jury. I think both exceptions were well taken. The evidence, as indicated, did not justify a finding that the defendant was negligent in this respect. The jury rendered a general verdict. Because of this error the judgment must be reversed, for the reason that it cannot be determined but what the verdict was based upon that issue alone."

It follows that the determination appealed from and the judgment of the City Court should be reversed and a new trial granted, with costs to the appellants in all courts to abide the event.

CLARKE, P. J., DOWLING, McAVOY and MARTIN, JJ., concur.

Determination of Appellate Term and judgment of the City Court reversed and new trial ordered, with costs to the appellants in all courts to abide the event.