MAE MEADOWS, Respondent, *v.* ALBERT P. LEWIS, Appellant, Impleaded with GEORGE MASTIN, Defendant.

Fourth Department, May 4, 1932.

244

*Page, Lay & Baker* [*Frank W. Baker* of counsel], for the appellant.

*Orenstein & Gingold* [*Albert Orenstein* of counsel], for the respondent.

THOMPSON, J. Plaintiff was a guest in appellant's automobile. It came into collision with an automobile owned by the defendant Mastin at a State highway intersection, and she was injured. She recovered a judgment in Municipal Court against defendant Lewis which was affirmed by the County Court on appeal. Among other charges of negligence, plaintiff claimed that said defendant was careless in failing to observe and obey a stop sign. Defendant challenged the legal and factual sufficiency of the sign in question, and on the court's submission of the case to the jury, made the following request: " I ask your honor to charge the jury that there is no evidence of any lawful traffic regulations displayed in any highway, because there is no proof that there was anything displayed within any provision of law," and took an exception to the court's refusal to so instruct the jury. The request followed the court's charging a request of a codefendant as follows: " That no person shall fail, neglect or refuse to comply with * * * any lawful regulations displayed in the highway." This request was obviously taken from the Vehicle and Traffic Law, section 88, subdivision 6. In declining defendant's request the court submitted the whole matter to the jury as a question of fact. The traffic sign in question was either lawfully maintained in accordance with the provisions of section 185 of the Highway Law (added by Laws of 1928, chap. 234), which reads in part as follows: " The

Superintendent of Public Works may in his discretion erect and maintain on any or all roads or highways, outside of cities and villages, which intersect a State or county highway, suitable signs or signals warning drivers of vehicles to bring such vehicles to a full stop before entering or crossing such State or county highway. Such signs or signals shall be erected near the intersecting line of such State or county highways and shall be plainly visible at all times for a distance of at least fifty feet," or it was unlawfully maintained in violation of section 88, subdivision 9, of the Vehicle and Traffic Law (as amd. by Laws of 1930, chap. 756), which provides in part as follows: " It shall be unlawful for any person to place or maintain or to display upon or in view of any highway any unofficial sign, signal or device which purports to be or is an imitation of or resembles an official traffic sign or signal or which attempts to regulate the movement of traffic * * *."

It will be observed that the only requirements of the statute which must be followed in the erection and maintenance of a stop sign are that it shall be suitably erected near the intersecting line and shall be plainly visible at all times for a distance of fifty feet.

The testimony shows that the sign in question had the appearance of the usual lawfully erected and maintained traffic signal and was erected at a place in respect to the intersection where a lawful sign would be customarily placed. It was white and bore the word " stop " in glass. It was octagonal in shape, and about two feet wide with white background and black edge. When the lights of an automobile shone upon it, the word " stop " lighted up. The testimony shows that the sign was located about seventy-five feet from the intersection and that the plaintiff saw it when the car in which she was riding was about fifty feet from it. We think this testimony was a sufficient showing of the validity and authority of the sign, its construction and location under the statute. Such testimony forms an adequate basis for the presumption that the sign was suitably constructed, erected and maintained and for the further presumption that it was not constructed, erected and maintained in violation of the provisions of the Vehicle and Traffic Law, section 88, subdivision 9, above quoted. We find support for this view in the case of *Empire Realty Corp.* v. *Sayre* (107 App. Div. 415, 417), in which the court held that an assumption that city officials had failed to perform their duties by permitting an owner to erect a building without complying with legal requirements, would not be indulged in, in the absence of proof to sustain it. " The presumption usually accompanying acts of persons is that they are lawful." (*Lundy* v. *Orr*, 205 App. Div. 296, 297; *Matter of Irving*, 198 id. 414, 416.) " If not, the burden was upon the one

claiming illegality to show it." (*Anderson* v. *Erie R. R. Co.*, 223 N. Y. 277, 283.)

By common usage the term " stop sign " has taken on the meaning of a legally erected and maintained traffic signal under the provisions of the Highway Law. In this view plaintiff made a *prima facie* showing of a lawful traffic regulation displayed in the highway (Vehicle and Traffic Law, § 88, subd. 6, as amd. by Laws of 1930, chap. 756), and it then became incumbent upon defendant to present facts to the contrary if it would have the question submitted to the jury.

Other questions raised by appellant do not require discussion. The case was fairly tried and the testimony raised questions of fact which were submitted to the jury in a clear and comprehensive charge.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed, with costs.