In the Matter of the Judicial Settlement of the Final Account of Proceedings of WALTER PIEL and ELMER E. WIGG, as Executors, etc., of SOPHIE PIEL, Deceased, and of ROSENA R. NEWCOMBE, BRENT W. BLYTHE and ELMER E. WIGG, as Executors, etc., of RICHARD S. NEWCOMBE, Deceased, Who Was a Former Executor of Said Last Will and Testament of SOPHIE PIEL, Deceased, Respondents; GOTT-FRIED PIEL and ROBERT PIEL, Appellants.— Order of the Surrogate's Court of Queens county denying objectants' motion for a further bill of particulars or an order of preclusion affirmed, with ten dollars costs and disbursements to the respondents, payable out of the estate. No opinion. Lazansky, P. J., Hagarty, Carswell, Davis and Taylor, JJ., concur.

AGNES V. KEARNS and JOHN J. KEARNS, Respondents, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant.— Plaintiff Agnes V. Kearns was a passenger on defendant's trolley car. She has recovered damages for personal injuries sustained by reason of her having been struck by one of two participants in a fist fight on the trolley car. Plaintiff claims that defendant's motorman, with knowledge of the existence of the fight between the two passengers, did not exercise reasonable care to protect plaintiff against injury. Plaintiff John J. Kearns, the husband, has recovered for loss of services, etc. Judgment in favor of plaintiffs affirmed, with costs. No opinion. Hagarty, Carswell and Close, JJ., concur; Lazansky, P. J , and Adel, J., dissent and vote for reversal and a new trial on the ground that the verdict is against the weight of the evidence.

MARGARET LEE, as Administratrix, etc., of JAMES LEE, Deceased, Respondent, v. CITY BREWING CORPORATION, Appellant.— On appeal by defendant, in an action for damages for death by alleged wrongful act, from a judgment for plaintiff, entered in the Supreme Court on a jury verdict, judgment reversed on the law, with costs, and complaint dismissed, with costs. The incontrovertible demon-strative evidence showed that plaintiff's intestate, riding alone in his automobile, drove onto a main highway out of a crossroad, at high speed and in disregard of a traffic stop sign, into the path of defendant's truck, approaching from decedent's right, and that a collision ensued in which decedent met his death. As a matter of law, decedent was guilty of negligence that caused or contributed to his death, in disregarding the stop sign (Vehicle and Traffic Law, § 88, subd. 6; *Meadows* v. *Lewis*, 235 App. Div. 243, 246; *Manard* v. *Sheppard*, 243 id. 265), and in failing to give the right of way to the truck approaching from his right (Vehicle and Traffic Law, § 82, subd. 4; *Shuman* v. *Hall*, 246 N. Y. 51, 55; *Mertz* v. *Connecticut Co.*, 217 id. 475, 478). In view of what the operator of the truck had the right to expect from the decedent in the management of his automobile, plaintiff failed to show any negligence on the part of the defendant. Lazansky, P. J., Davis, John-ston, Adel and Taylor, JJ., concur.

AUGUSTA MYHRER and OLAF BERGH MYHRER, Respondents, v. THE CITY OF NEW YORK, Appellant, and Another, Defendant.— In an action to recover damages for personal injuries to plaintiff-wife and for medical expenses and loss of services incurred by her husband, caused by fall of wife on ice on a city sidewalk, judgment in favor of plaintiffs unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.