HELENA G. ARMSTRONG, as Guardian ad Litem of MARIAN ARMSTRONG, Respondent, v. LOUIS R. KOLLER, Appellant. HELENA G. ARMSTRONG, Respondent, v. LOUIS R. KOLLER, Appellant. ALBERT ARMSTRONG, Respondent, v. LOUIS R. KOLLER, Appellant.— Defendant appeals from three judgments, entered upon verdicts found against him by a jury in three actions tried at a Trial Term of the Supreme Court held in Washington county in June, 1940; and also from the orders denying motions to set aside the verdicts. The accident out of which these actions arose happened on the afternoon of October 28, 1939, at an intersection of two State highways, known as Clum's Corners, in Rensselaer county. One highway, known as Route 40, runs north and south; the other, designated Route 67, runs east and west. Plaintiffs were in an automobile travelling north on Route 40; the defendant and his family were in an automobile travelling west on Route 67. A collision between the two cars occurred at the intersection. The claim of the plaintiffs is that their car entered the intersection at a slow rate of speed, and stopped when half way across the south lane on Route 67 to give defendant the right of way. Despite this, the defendant's car, running at a high rate of speed, crashed into them. ˙Defendant claims to the contrary that he entered the intersection at a moderate rate of speed, and was half way across when the plaintiff's car, travelling at a high rate of speed, ran into the side of his car. He did not stop before entering the intersection although there was a thru-stop-traffic sign on his right as he approached the crossing. He did not see the plaintiff's car until an instant before the collision, but he conceded that it must have been within the range of his vision for some distance east of the intersection as he approached the same. The conflicting testimony presented questions of fact for the jury, and the verdicts were not against the weight of the evidence. The court charged the jury that because of the stop sign it was the defendant's duty to stop before attempting to cross the intersection. There was testimony to indicate that the sign had been erected and was maintained under the authority of the State, and its appearance and location created the presumption that it was lawfully there. (*Meadows* v. *Lewis*, 235 App. Div. 243.) Whether it required a driver to stop at all times is still an open question. (*Lee* v. *City Brewing Corporation*, 279 N. Y. 380.) However, it did require a driver to stop whenever there was traffic on Route 40 at or near the intersection. The court's charge, therefore, on the facts disclosed was not erroneous. We have examined other errors alleged to have been made on the trial and find none of sufficient substance to require reversal. Judgments unanimously affirmed, with costs and disbursements. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.