COX *v.* BELL. .

Motor Vehicles—Contributory Negligence—Stop Streets—Failing to Observe Speed Regulations.

Automobile driver failing to stop at stop street and not observing statutory regulation as to speed limit (1 Comp. Laws 1929, § 4697) was guilty of contributory negligence precluding recovery for his death caused by collision with another automobile at intersection.

Appeal from Monroe; Root (Jesse H.), J. Submitted June 8, 1932. (Docket No. 44, Calendar No. 36,349.) Decided September 16, 1932.

Case by Joseph I. Cox, administrator of the estate of George E. Mead, deceased, against George Bell, doing business as Bell Motor Sales, and another for personal injuries resulting in death of plaintiff's intestate. Directed verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Walter Schweikart* and *Julien Winterhalter,* for plaintiff.

*Clayton C. Golden* and *James J. Kelley,* for defendant.

Potter, J. Plaintiff, as administrator of the estate of George E. Mead, deceased, brought suit against defendants to recover damages caused by the negligent killing of plaintiff's intestate. There was judgment for defendants and plaintiff appeals. At the time of the accident, plaintiff's decedent was driving westerly on Sixth street in the city of Monroe at a point where it intersects the Dixie highway,

On liability for accident as affected by reliance upon or disregard of traffic signals, see annotation in 75 A. L. R. 970.

a stop street. Defendant Fisk was driving south on Monroe avenue, which is the Dixie highway. Besides the driver in defendant's automobile there was but one eyewitness. The undisputed testimony shows plaintiff's decedent was driving westerly at approximately 35 miles an hour with his automobile, he did not stop at the stop street at its intersection with Sixth street, but proceeded without slacking his speed across that street, and the collision between the two automobiles resulting in the death of plaintiff's decedent occurred at this intersection. Had plaintiff's decedent observed the traffic law, stopped at the intersection, or had he been driving within the limits fixed by statute as to speed in driving automobiles (1 Comp. Laws 1929, § 4697), the accident would not have happened. Under the undisputed facts plaintiff's decedent was guilty of contributory negligence. The trial court was correct in directing a verdict for defendants.

Judgment affirmed, with costs.

CLARK, C. J., and McDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.