WILLIAM H. MANARD, Appellant, *v.* EUGENE J. SHEPPARD, Respondent.

Fourth Department, January 9, 1935.

*George B. Doyle*, for the appellant.

*Clayton M. Smith*, for the respondent.

PER CURIAM.   The action is one for damages for personal injuries claimed to have resulted from negligence.   The plaintiff was defeated by the jury and the defendant was given a verdict upon his counterclaim.   The sole question before us upon this appeal relates to the charge of the trial court.   A serious question in the case was whether or not the plaintiff obeyed a boulevard stop sign, he claiming that he did and the defendant that he did not.   The trial court in its main charge correctly informed the jury that as an abstract proposition a failure to stop, if it was a violation of a city ordinance, was evidence of negligence only — while such a failure, if a violation of a statute, was negligence as a matter of law.   A city ordinance required that plaintiff should come to a full stop before crossing Smith street.   The Vehicle and Traffic Law (§ 90, subd. 2) authorized the legislative body of the city to pass such an ordinance.   The trial court apparently took the position that section 90, subdivision 2, gave to the city ordinance the effect of a statute with respect to plaintiff's conduct; for after reading the ordinance and the statute to the jury, the court told them that the plaintiff's first obligation was to stop and if he failed to stop he was guilty of negligence.   This charge was technically incorrect.   " The violation of a statute under certain circumstances may of itself establish negligence.   Not so, however, with a rule or ordinance.   A legislative declaration that a rule has the force and effect of law does not make it so, if by that is meant that it is the equivalent of or equal to a legislative enactment.   The Constitution of the State commits to the Legislature alone the power to enact a statute.   It can give to or confer upon a commission, officer, board or municipality the power to make rules and ordinances governing the administration of their respective affairs. ( *United States* v. *Grimaud*, 220 U. S. 506.) "   (*Schumer* v. *Caplin*, 241 N. Y. 346, 351.)   The ordinance does not have the effect of a statute under the theory adopted by the trial court.   The *Schumer* case was decided by the Court of Appeals in 1925.   On April 24, 1930, the Legislature put into effect an amended subdivision 6 of section 88 of the Vehicle and Traffic Law, reading as follows: " No person shall fail, neglect or refuse to comply with   *   *   *   any lawful traffic regulations displayed in any highway."   (Laws of 1930, chap. 756.)   We can see no legislative purpose in adopting this section other than to prescribe that thereafter such a nonfeasance as a failure to stop on the part of this plaintiff in accordance with the direction upon the stop sign erected pursuant to the

city ordinance would be a violation of a direct statutory command. The net result of the charge and refusal was, therefore, not unfair to plaintiff. Nothing being before us for review except the matter discussed, the judgment and order appealed from should be affirmed.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, CROSBY and LEWIS, JJ.

Judgment and order affirmed, with costs.