WILLIAM BAILEY, Respondent, *v.* JOSEPH HERRMANN and HERBERT HERRMANN, Appellants.

Fourth Department, December 23, 1937.

*Edward T. Malone,* for the appellants.

*Charles G. Signor,* for the respondents.

PER CURIAM. There was evidence that at the time of the accident a " Stop " sign was located on Tait avenue, in the town of Greece, Monroe county, N. Y., near its intersection with Britton road. The court charged the jury in effect that Britton road was a county road and that the county superintendent of highways had authority to erect the " Stop " sign on Tait avenue, and read to the jury the provisions of subdivision 12 of section 102 of the Highway

Law, which require a person approaching an intersection with a county road where there is a " Stop " sign to come to a full stop before entering upon the county road, and also charged that a violation of such statute constituted negligence. There was testimony by one witness that Britton road was a town road. The question now arises as to whether defendants were harmed by the charge of the court. Tait avenue was a town road. The town had the right to erect a " Stop " sign on a town highway. (Town Law, § 64, subd. 16; Vehicle and Traffic Law, § 2, subd. 25; Town Law, § 130, subd. 6.) It will be presumed that the " Stop " sign was lawfully erected and maintained. (*Meadows* v. *Lewis*, 235 App. Div. 243.) There is a statute requiring that a person shall not fail, neglect or refuse to comply with a lawful traffic regulation posted on a sign in a highway. (Vehicle and Traffic Law, § 88, subd. 6.) If defendant driver ran by the " Stop " sign, erected on Tait avenue, without stopping, he violated the Vehicle and Traffic Law if Britton road were a town highway, and the Highway Law if it were a county highway. Of course, it does not make any difference whether the defendant driver disobeyed one statute or another. A violation of either would constitute negligence. While the charge of the court was technically incorrect, it was not unfair or prejudicial to defendants. (*Manard* v. *Sheppard*, 243 App. Div. 265.) We have examined the other questions raised by appellants and do not find any error prejudicial to them.

All concur. Present — Sears, P. J., Edgcomb, Lewis, Cunningham and Taylor, JJ.

Judgment and order affirmed, with costs.