MARGARET LEE, as Administratrix of the Estate of JAMES LEE, Deceased, Appellant, *v.* CITY BREWING CORPORATION, Respondent.

Argued November 28, 1938; decided January 10, 1939.

*Louis Rothbard* and *Ralph Stout* for appellant. Upon the evidence the questions of negligence and contributory negligence were for the jury. (*Elwood* v. *Western Union Tel. Co.*, 45 N. Y. 549; *Irish* v. *Union Bag & Paper Co.*, 103 App. Div. 45; 183 N. Y. 508; *Volkmar* v. *Manhattan Ry. Co.*, 134 N. Y. 418; *Piwowarski* v. *Cornwell*, 273 N. Y. 226; *Hart* v. *Hudson River Bridge Co.*, 80 N. Y. 622; *Frate* v. *State*, 245 App. Div. 442; *cBride* v. *Brady*, 234 App. Div. 882; *Stump* v. *Burns*, 219 N. Y. 306; *Massoth* v. *Delaware & Hudson Canal Co.*, 64 N. Y. 524; *Countryman* v. *Breen*, 274 N. Y. 470; *Minerly* v. *Union Ferry Co.*, 56 Hun, 113; *Viscardo* v. *Galloway*, 227 App. Div. 672; *People* v. *Wolf*, 153 Misc. Rep. 230; *Anderson* v. *Burkardt*, 275 N. Y. 281.)

*Benjamin C. Loder* for respondent. The evidence clearly discloses that plaintiff's intestate was guilty of contributory negligence as a matter of law. (*Shuman* v. *Hall*, 246 N. Y. 51; *Shirley* v. *Larkin Co.*, 239 N. Y. 94; *Meadows* v. *Lewis*, 235 App. Div. 243; *Manard* v. *Sheppard*, 243 App. Div. 265; *Fitzpatrick* v. *International Ry. Co.*, 252 N. Y. 127; *Barry* v. *Rutland R. R. Co.*, 203 App. Div. 287.) Plaintiff failed to prove the negligence of defendant. (*Underhill* v. *Major*, 220 App. Div. 173.)

RIPPEY, J. The accident out of which this action arose happened between 5:30 and 6:00 P. M. on December 31, 1936, at the intersection between Old Country road and School street in Westbury, Nassau county, when defendant's truck, partly loaded, and moving along Old Country road in a westerly direction crashed into the right side of a Plymouth sedan which was driven by plaintiff's intestate in a northerly direction out of School street. The truck drove the passenger car forward

and finally came to rest, bottom side up, on top of the small car, near the fence on the northerly side of Old Country road and some eighty feet or more westerly of the point of collision. The Plymouth car was demolished and plaintiff's intestate received injuries from which he died on the following day. The truck was badly wrecked. The jury rendered a verdict for the plaintiff but the judgment entered thereon was set aside by the Appellate Division, as matter of law, and the complaint was dismissed.

Counsel for respondent strenuously urges that the only inference possible from the testimony of Frykberg, the driver of the truck, coupled with the evidence of existing conditions is that deceased " disobeyed the statutory requirements or rules governing the right of way and also the admonition of the concededly existent traffic stop sign and heedlessly and recklessly drove into the intersection immediately into the path of defendant's oncoming truck " and was, therefore, guilty of contributory negligence as matter of law. The Appellate Division so decided.

The burden of establishing contributory negligence on the part of the plaintiff's intestate rested upon the defendant (Decedent Estate Law (Cons. Laws, ch. 13), § 131). It does not follow that evidence produced only by defendant may be available to it in meeting that burden. The defendant could take advantage of any evidence in the case, by whomsoever produced, to establish that defense (*Fitzpatrick* v. *International Ry. Co.*, 252 N. Y. 127, 134). It is still essential, however, that defendant shall have available some evidence from which it may be reasonably and necessarily inferred, to the exclusion of inferences to the contrary, that the deceased violated the duty cast upon him of exercising such care and caution for his own safety as reasonable prudence dictated and that the violation of that duty contributed proximately to the accident. Nonsuit cannot follow mere failure on the part of plaintiff to produce evidence to the contrary.

Frykberg, the driver of the truck, was the only occupant of the truck and the only eyewitness to the accident. He was examined on two different occasions before trial and he also testified at official investigations of the accident. Upon the trial, plaintiff read his testimony taken on the examinations before trial in which he testified to facts necessary to plaintiff's case. After plaintiff rested her case, defendant called him to the stand and he testified to facts designed to absolve himself from blame for the accident. No one was available to contradict some of his statements. He was still in defendant's employ at the time of the trial. On material points, his testimony on direct and cross-examination at the trial was contradictory and statements made on the various occasions on which he was examined were contradictory to and inconsistent with each other. He was an interested witness. His credibility, the reconciliation of his conflicting statements, a determination of which should be accepted and which rejected, and the truthfulness and accuracy of his testimony, whether contradicted or not, were exclusively for the jury, the trier of the facts (*McDonald* v. *Metropolitan Street Ry. Co.*, 167 N. Y. 66; *Sharp* v. *Erie R. R. Co.*, 184 N. Y. 100, 106; *Piwowarski* v. *Cornwell*, 273 N. Y. 226, 229). The court could not put its finger upon any particular item of testimony by Frykberg and say, as matter of law, that it was the truth.

Frykberg said he was unable to give any estimate of the speed of the Plymouth car. He said that when he was about twenty feet from the intersection driving at twenty-five miles per hour, he glanced to the left and saw decedent's car approaching and that the headlights were burning. He said the Plymouth car was then twenty feet south of the dirt shoulder on the south side of Old Country road, again that it was forty-five feet away, again that it traveled only five feet from the time he first saw it until he struck it, and he later changed this to forty-five feet. Which statement was to be taken as

true? The distance from the south edge of the dirt shoulder to the point of collision was approximately thirty feet. Deceased then travelled either five feet or fifty feet or seventy-five feet while Frykberg was travelling twenty feet, according to which statement of the witness, if either, is to be taken as true. The jury were entitled to disregard the testimony entirely. There was nothing else upon which any inference could be drawn concerning the speed of the sedan as it approached the point of collision. Frykberg said that he (Frykberg) gave no signal of his approach to the intersection until about twenty feet therefrom or, again, until an instant before the collision when he saw the Plymouth sedan immediately in front of him. A near-by resident heard no signal. Frykberg gave no testimony that he saw what the deceased was doing or that he saw him at all. He testified merely that the car was moving as above indicated and that it passed through the intersection in front of him.

It appeared that there was a sign on the side of School street twenty feet south of Old Country road directing operators of moving vehicles to stop for through traffic. The sign did not contain the words " full stop." At no point in Frykberg's testimony did he say, nor is there any other evidence from which any inference may be drawn, that the car of deceased did not stop at or before it reached the traffic sign. In the absence of such evidence, the jury might infer that he did stop since he was presumed to obey the directions if he saw the sign or knew of its presence and of the presence of traffic. There is no evidence in the case that failure to stop, if there was any such failure, was in violation of any ordinance since no ordinance was proven nor did it appear by what authority the sign was erected. If presumed to have been erected by the State Traffic Commission (Vehicle & Traffic Law, § 95-d [Cons. Laws, ch. 71]; *Meadows* v. *Lewis*, 235 App. Div. 243), its wording

was merely a warning sign to stop for through traffic and not for a " full stop " if there was no such traffic present (Cf. *Countryman* v. *Breen*, 274 N. Y. 470). Its presence, however, might be considered by the jury, as the court charged, on the question of whether deceased was guilty of contributory negligence. Even though the deceased had an absolute duty to stop (*Manard* v. *Sheppard*, 243 App. Div. 265; *McMahon* v. *Halsall*, 18 La. App. 1; *Washington* v. *City of Seattle*, 170 Wash. 371; *Cox* v. *Bell*, 259 Mich. 555; *Loizzo* v. *Conforti*, 207 Wis. 129), a point which we do not decide, and there was proof from which it might be found that he did not stop at the sign, unless his failure to stop was a contributing cause of the accident plaintiff would not be barred from recovery by such violation of duty (*Martin* v. *Herzog*, 228 N. Y. 164, 170; *Bethancourt* v. *Bayhi*, [La. App.] 141 So. Rep. 111; *Strong* v. *Ernst*, 169 Wash. 617).

There is no evidence warranting any conclusion as matter of law that the deceased was violating paragraph 4 of section 82 of the Vehicle and Traffic Law, which required him to grant the right of way to defendant's truck. In construing the requirement of that provision the court charged, without exception: " If the vehicles are so near the intersection as they approach each other that there is a chance of their coming together if they continue at the same rate of speed, then the law gives precedence to the vehicle approaching from the right of the other and the law says that the vehicle approaching from the left must stop, or slow down, so as to give the right of way to the vehicle coming from the right." Such was the law of the case and the proper rule as laid down by this court (*Shuman* v. *Hall*, 246 N. Y. 51, 54, 55). As pointed out in that case, the relative distance the cars were from the intersecting point, the relative speed of the approaching cars, and other applicable facts and circumstances were required first to be found by the jury before it could be determined that the rule should have

any application. The deceased was a married man forty-four years of age with two children. He was a book-keeper, a man of good habits and a steady worker. He was returning home from work at the time of the accident. Both headlights of his car were burning brightly. He had been driving automobiles for upwards of thirteen years and presumably knew the rules of the road. The night was dark, rain was falling, the atmosphere was foggy. There was a visibility of only seventy-five to two hundred feet. Concededly there was no signal of the approach of the truck until a second or two before the collision. Deceased had proceeded into the intersection and *was nearly across*, over on the right shoulder and nearly out of the normal path of the onrushing truck, when his car was struck at a point back of the front fender by defendant's truck which the driver had suddenly swerved to the right. The left front corner of the truck hit the other car. The jury had a right to find that the truck was running far in excess of twenty-five miles per hour. It might reasonably be inferred under the conditions obtaining that the deceased did not see the truck at all and that it came upon him at high speed without warning and unexpectedly, or he may have seen it so far away as to lead him to believe that he could safely proceed across the intersection before the truck reached it. Had the truck been swerved to the left when the driver saw the Plymouth car instead of to the right, or had the driver applied his brakes when he was twenty feet from the point of collision, or had he slowed up, all of which he said he did not do, the accident probably would not have happened and the decision of deceased, if he made it, that he had time to cross before the truck reached the intersection, would have been justified. He had a right to assume that before a truck would come at a high rate of speed out of the darkness and the rain and the fog, some warning signal for the crossing would be given and that the

truck driver would not operate his truck at a greater speed than is allowed by law. Whatever inferences there were to be drawn from the facts and surrounding circumstances were for the jury. There is no evidence from which it may be found, as matter of law, that deceased violated any rule requiring him to give the right of way to defendant's truck. The question here is whether there was evidence from which the conclusion was imperative that he did violate such a rule. Plaintiff was not required to prove that he did not violate it.

We conclude there were no facts or circumstances in the case from which it could be said as a matter of law that the deceased violated any controlling law or ordinance or failed to exercise that care and prudence which was required of an ordinarily prudent man under the circumstances. The question of the negligence of deceased as a contributing cause of the accident was for the jury and not for the court.

The evidence presented a question of fact for the jury as to whether the driver of the truck was negligent and whether his negligence was the sole proximate cause of the accident. Beyond what we have already said, we think it unnecessary further to analyze that evidence. Suffice it to say that from the oral evidence and from the physical situation and the surrounding facts and circumstances, there was ample basis for the jury to find that the operator of the truck approached and entered the intersection at a speed far in excess of twenty-five miles per hour, without warning and in a negligent and reckless manner, and without consideration of the conditions then obtaining, and that his failure to exercise the care and prudence required under the circumstances was the sole proximate cause of the accident. The court advised the jury as to the rates of speed permissible under the Vehicle and Traffic Law and charged, without exception, that if it were found that the truck was being operated at a greater speed than those specified the jury

might take that into consideration and infer negligent driving on the part of the operator, having in mind the conditions which obtained at the time and place of the accident. Although the driver of the truck had the right of way under the Vehicle and Traffic Law, that gave him no authority to operate his truck carelessly and negligently and without consideration of the circumstances and conditions existing at the time (*Shuman* v. *Hall*, *supra*).

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

CRANE, Ch. J., LEHMAN, O'BRIEN, LOUGHRAN and FINCH, JJ., concur; HUBBS, J., taking no part.

Judgment accordingly.