STEPHEN VINCINERE, an Infant, by IGNAZIO VINCINERE, His Guardian ad Litem, and IGNAZIO VINCINERE, Respondents, v. JAMES A. WARD, Appellant, and JOSEPH SPAGNOLI, Defendant.— Action on behalf of an infant plaintiff to recover damages for personal injuries sustained when struck by an automobile owned by the appellant and operated by one Joseph Spagnoli, and by his father, plaintiff Ignazio Vincinere, for loss of services and expenses. Order granting motion of the plaintiffs to set aside the verdict of the jury in favor of the defendant Ward and granting a new trial, reversed on the law and the facts, with costs, motion denied, verdict reinstated, and judgment directed to be entered thereon, with costs. The contradictory testimony as to the identity of the person to whom authority was given by the appellant presented an issue of fact as to whether or not Spagnoli, at the time of the accident, was operating the automobile with the permission of the appellant within the meaning of section 59 of the Vehicle and Traffic Law. The inference to be drawn from the defendant's testimony is that the infant plaintiff himself was authorized to procure a competent person to operate the automobile for the specified purpose. There is no proof that said plaintiff exercised this authority but, to the contrary, he denies that he received such authority or ever transmitted it to any one. In the light of the appellant's testimony, which the jury was entitled to accredit, Spagnoli was not in the car directly or indirectly as the result of any permission granted by the appellant.

Furthermore, in the light of the proof adduced, the jury was entitled to find that Spagnoli was not operating the car in connection with the specified purpose. There were also triable issues of fact presented with respect to the negligence of Spagnoli and contributory negligence on the part of the infant plaintiff. The jury was not bound to accept the testimony of the infant plaintiff as to the manner of the happening of the accident, importing negligence on the part of Spagnoli. (*Lee v. City Brewing Corporation*, 279 N. Y. 380, 384.) As to contributory negligence, the jury may well have found that said plaintiff was aware that Spagnoli was backing the automobile, in the light of the fact that that operation proceeded from a point in the public highway right alongside the infant plaintiff who was standing on the outer side of a customer's car upon which he was working and who had directed Spagnoli where to put the car, and that, under the circumstances, the infant plaintiff should have stepped out of the way, or at least watched the progress of the automobile and not have directed his attention to the garage and looked the other way, as he testified. Hagarty, Johnston, Taylor and Close, JJ., concur; Lazansky, P. J., dissents and votes to affirm the order appealed from.