Regis O’Brien, J.
This is an appeal from a judgment dated February 15, 1960, after a trial of the issues in the City Court of Buffalo on February 2, 1960 (Judge Ann T. Mikoll, presiding). The judgment is in favor of plaintiff and against defendant, in the amount of $50 damages and $2.50 costs.
The court below chose to believe the plaintiff who denied that he was told by the defendant that the latter acted as agent for Buffalo Ventures, Inc.
The evidence in the record on behalf of the defendant is very confusing as to what was said about the ownership of the so-called “ Chuck Wagon ” facilities and upon which plaintiff made the down payment of $50. There is no dispute, however, that the receipt for the down payment made for the Cactus Lounge, part of the facilities, was dated December 9, 1959 and bore the signature of “ J. P. D’Angelo”. Nothing appeared on the receipt to indicate that plaintiff was dealing with a corporation through an agent. The only explanation' given by the issuer of the receipt was £ 11 made a boo-boo ’ ’.
The law that is applicable to the facts, circumstances and testimony that developed before the Trial Judge is well settled. ££ The credibility of the witnesses, the reconciliation of conflicting statements, a determination of which should be accepted and which rejected, the truthfulness and accuracy of the testimony, whether contradictory or not, were issues for the trier of the facts (Lee v. City Brewing Corp., 279 N. Y. 380, 384). The memory, motive, mental capacity, accuracy of observation and statement, truthfulness and other tests of the reliability of witnesses can be passed upon with greater safety by a trial judge who sees and hears the witnesses than by appellate judges who *1062 simply read the printed record (People v. Gaimari, 176 N. Y. 84, 94).” The cited quotation is from the case of Barnet v. Cannizzaro (3 A D 2d 745, 747).
In addition to the foregoing which in the opinion of the court, constitutes ample reason for affirming the judgment, there is a grave doubt as to the defendant’s right to have a review or an appeal in this case.
Article VII of the Buffalo City Court Act (§§ 130-138, inclusive) was added by the Laws of 1954 (ch. 247) and became effective January 1, 1955.
Section 135 provides that: “ A person commencing an action # * shall be deemed to have waived all rights to appeal, except that either party may appeal on the sole ground that substantial justice has not been done between the parties according to the rules and principles of substantive law ”. (Emphasis supplied.)
In fact, the notice of appeal filed herein fails to recite any reason or ground upon which it is based.
The judgment from which the appeal was taken is affirmed, with costs.